UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - ----x
UNITED STATES OF AMERICA          :
                                  :
         - v -                    :    **25-Cr-85 (JSR)**
                                  :
CARL RINSCH,                      :
                                  :
                     Defendant.   :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - ----x

# MEMORANDUM OF LAW IN SUPPORT OF CARL RINSCH'S MOTION FOR A BILL OF PARTICULARS

                                  ARIEL WERNER
                                  MICHAEL ARTHUS
                                  NEIL P. KELLY
                                  Federal Defenders of New York, Inc.
                                  Attorneys for Defendant
                                  52 Duane Street, 10th Floor
                                  New York, New York 10007
                                  (212) 417-8700

TO:   JAY CLAYTON
       United States Attorney
       Southern District of New York
       26 Federal Plaza, 37th Floor
       New York, New York 10278
              Attn: AUSAs David Markewitz, Timothy Capozzi, and Adam Sowlati

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................................ ii

I.   INTRODUCTION ............................................................................................................. 1

II.  A BILL OF PARTICULARS IS WARRANTED WHEN NECESSARY FOR A
     DEFENDANT TO PREPARE FOR TRIAL ..................................................................... 2

III. THE STATEMENTS THE GOVERNMENT ALLEGES CONSTITUTE WIRE
     FRAUD ARE NECESSARY TO PREPARE MR. RINSCH'S DEFENSE ...................... 3

IV.  CONCLUSION .................................................................................................................. 7

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*United States v. Aquart*,
  06 Cr. 160 (PCD) 2006 WL 2684304 (D. Conn. Sept. 19, 2006) ............................................. 5

*United States v. Barnes*,
  158 F.3d 662 (2d Cir. 1998) ................................................................................................... 2

*United States v. Barrett*,
  153 F. Supp. 3d 552 (E.D.N.Y. 2015) .................................................................................... 2

*United States v. Bortnovsky*,
  820 F.2d 572 (2d Cir. 1987) ........................................................................................... 2, 4, 5

*United States v. Connolly*,
  16 Cr. 370 (CM), 2017 WL 2537808 (S.D.N.Y. May 24, 2017) ............................................ 4

*United States v. Davidoff*,
  845 F.2d 1151 (2d Cir. 1988) ............................................................................................. 2, 5

*United States v. Graham*,
  477 F. App'x 818 (2d Cir. 2012) ............................................................................................ 2

*United States v. Greater Syracuse Bd. of Realtors*,
  438 F. Supp. 376 (N.D.N.Y. 1977) ........................................................................................ 3

*United States v. Hanratty*,
  24 Cr. 153 (LGS), 2024 WL 4892742 (S.D.N.Y. Nov. 26, 2024) .......................................... 5

*United States v. Kahale*,
  789 F. Supp. 2d 359 (E.D.N.Y. 2009) .................................................................................... 2

*United States v. Luna*,
  05 Cr. 58 (SRU), 2006 WL 1668006 (D. Conn. May 17, 2006) ............................................ 5

*United States v. Mahaffy*,
  446 F. Supp. 2d 115 (E.D.N.Y. 2006) .................................................................................... 6

*United States v. Rigas*,
  490 F.3d 208 (2d Cir. 2008) ................................................................................................... 2

*United States v. Silver*,
  117 F. Supp. 3d 461 (S.D.N.Y. 2015) .................................................................................... 3

*United States v. Spur Knitting Mills, Inc.*,
    187 F. Supp. 653 (S.D.N.Y. 1960) ...........................................................................................3

*United States v. Strawberry*,
    892 F. Supp. 519 (S.D.N.Y. 1995) ..........................................................................................3

*United States v. Thomas*,
    274 F.3d 655 (2d Cir. 2001) ....................................................................................................2

*United States v. Trie*,
    21 F. Supp. 2d 7 (D.D.C. 1998) ..............................................................................................4

*United States v. Tournant*,
    22 Cr. 276 (LTS), 2023 WL 8649893 (S.D.N.Y. Dec. 13, 2023) ............................................5

*United States v. Urso*,
    369 F. Supp. 2d 254 (E.D.N.Y. 2005) ....................................................................................2

*United States v. Vaid*,
    16 Cr. 763 (LGS), 2017 WL 3891695 (S.D.N.Y. Sept. 5, 2017) ....................................... 4, 6

*United States v. Wang*,
    23 Cr. 118 (AT), 2024 WL 1251105 (S.D.N.Y. Mar. 22, 2024) ........................................ 4, 5

*United States v. Wey*,
    15 Cr. 611 (AJN), 2017 WL 237651 (S.D.N.Y. Jan. 18, 2017) ...............................................6

**Rules**

Federal Rule of Criminal Procedure 7(f) ..........................................................................................2

**I.    INTRODUCTION**

The government accuses Carl Rinsch of perpetrating a protracted fraud on the streaming giant Netflix by misrepresenting how certain funds Netflix provided in connection with the production of Mr. Rinsch's series *White Horse* would be used. Yet despite alleging a series of negotiations between Mr. Rinsch and Netflix beginning as far back as 2018, Indict. ¶ 6, and including a period of "substantial negotiations" from 2019 through March 2020 over "how exactly" these funds were to be used, Indict. ¶ 9, the indictment fails to identify any material misrepresentation that Mr. Rinsch made with the specific intent to fraudulently induce Netflix to provide this money. The only specific communication the indictment does allege was sent well *after* Netflix provided the funds at issue. *See* Indict. ¶ 12.

When asked to identify with greater particularity the misrepresentations that form the basis of the indictment's wire fraud count, the government largely demurred, directing the defense to the "extensive Rule 16 discovery," the voluminous record from a prior arbitration between Netflix and Mr. Rinsch, and a list of dozens of communications allegedly sent by or on behalf of Mr. Rinsch. *See* Ex. A, Ltr. from AUSA T. Capozzi et al. to A. Werner et al. (July 30, 2025).[1] Even these wide-ranging categories proved too constraining for the government, however, which maintained that its identified list was "not exhaustive or exclusive" and "reserve[d] the right to alter or amend this list, and to identify and introduce additional communications or statements at trial." *Id.* at 2.

Mr. Rinsch thus remains in the dark as to how exactly he is alleged to have defrauded Netflix. To permit the defense to prepare for trial, to avoid surprise, and to prevent Mr. Rinsch from suffering undue prejudice, the Court should order the government to provide a bill of particulars identifying which misrepresentations it believes support the indictment's the wire fraud count.

---

[1]    By seeking these particulars from the government before filing this motion, the defense has satisfied its meet and confer obligations under S.D.N.Y. Local Rule 16.1.

## II. A BILL OF PARTICULARS IS WARRANTED WHEN NECESSARY FOR A DEFENDANT TO PREPARE FOR TRIAL

A defendant should not have to guess as to what the government is accusing him of having done wrong. To prevent such an outcome, Federal Rule of Criminal Procedure 7(f) permits a defendant to seek a bill of particulars "to identify with sufficient particularity the nature of the charge pending against him, thereby enabling defendant to prepare for trial, to prevent surprise, and to interpose a plea of double jeopardy should he be prosecuted a second time for the same offense." *United States v. Davidoff*, 845 F.2d 1151, 1154 (2d Cir. 1988) (quoting *United States v. Bortnovsky*, 820 F.2d 572, 574 (2d Cir. 1987)); *see United States v. Rigas*, 490 F.3d 208, 237 (2d Cir. 2008). A defendant is entitled to a bill of particulars when the indictment fails "to provide the defendant with sufficient detail to defend adequately the charges against him." *United States v. Barnes*, 158 F.3d 662, 665 (2d Cir. 1998), *abrogated on other grounds by United States v. Thomas*, 274 F.3d 655 (2d Cir. 2001). A request for a bill of particulars "must be granted . . . where the charges of the indictment are so general that they do not advise the defendant of the specific acts of which he is accused." *United States v. Urso*, 369 F. Supp. 2d 254, 271 (E.D.N.Y. 2005) (quotation omitted).

Bills of particulars are often warranted in factually complex cases, such those charging fraud and other financial crimes. *See, e.g.*, *United States v. Barrett*, 153 F. Supp. 3d 552, 571–73, 576 (E.D.N.Y. 2015) (granting request for a bill of particulars in "highly complex" healthcare and tax fraud case); *United States v. Kahale*, 789 F. Supp. 2d 359, 373 (E.D.N.Y. 2009) (holding "[c]ertain charges, such as the fraud charges alleged here, by their nature carry a greater potential for causing unfair surprise at trial due to their complexity"), *aff'd sub nom. United States v. Graham*, 477 F. App'x 818 (2d Cir. 2012). While a bill of particulars is not a tool for the defense to get a preview of the government's evidence, if the requested information is necessary for the preparation of the defense, "it is of no consequence that the requested information [requires] the disclosure of evidence or the theory of the prosecution." *Barnes*, 158 F.3d at 665.

"Similarly, it is no answer that the defendant should know the facts demanded, for the defendant is presumed to be innocent; in any event, the Bill of Particulars is aimed at the facts as alleged by the Government, rather than as they actually exist." *United States v. Greater Syracuse Bd. of Realtors*, 438 F. Supp. 376, 379 (N.D.N.Y. 1977); *United States v. Spur Knitting Mills, Inc.*, 187 F. Supp. 653, 654 (S.D.N.Y. 1960) (noting that the issue is not what the defendant knows, but "what the Government intends to prove"). In assessing whether to exercise their discretion to order a bill of particulars, courts consider "whether the information sought has been provided elsewhere, such as in other items provided by discovery, responses made to requests for particulars, prior proceedings, and the indictment itself." *United States v. Strawberry*, 892 F. Supp. 519, 526 (S.D.N.Y. 1995).

### III. KNOWLEDGE OF WHICH STATEMENTS THE GOVERNMENT ALLEGES CONSTITUTED WIRE FRAUD IS NECESSARY TO PREPARE MR. RINSCH'S DEFENSE

Mr. Rinsch is not asking the government to identify its trial witnesses or exhibits, or to preview its motions *in limine*. All he requests is that the government specify which of the statements he is alleged to have made, or caused to have been made, give rise to the indictment's wire fraud count. *See United States v. Silver*, 117 F. Supp. 3d 461, 471 (S.D.N.Y. 2015) (stating that "it is not unreasonable for the Defendant to want to know which mailings and wire transmissions the Government will rely upon to provide its case" and ordering a bill of particulars).

As the indictment alleges, Mr. Rinsch and Netflix engaged in "substantial negotiations" over a period of months about how the funds at issue were to be used. Indict. ¶ 9. The government further asserts that the charged fraudulent scheme unfolded across an even broader time frame, from "at least in or about October 2019 through at least in or about November 2020," during which Mr. Rinsch purportedly made and engaged in "numerous representations and discussions—both oral and written—that" induced Netflix to agree to provide the funds at issue and to permit Mr. Rinsch to retain those funds. Ex. A at 2. The indictment additionally refers to negotiations between Mr. Rinsch

-3-

and Netflix stretching as far back as 2018. Indict. ¶¶ 6, 7. But the indictment only identifies one specific communication, which was sent well after the transmission of the funds at issue. Indict. ¶12. The government has otherwise declined to identify with sufficient particularity—years of communications—which statements it intends to argue at trial support the wire fraud count. Mr. Rinsch cannot adequately prepare his defense to the wire fraud charge without additional information.

"In cases involving fraud, courts have required the government to specify through a bill of particulars which documents or transactions it intends to prove are fraudulent if this information is not ascertainable; otherwise, in effect, 'the burden of proof impermissibly [may] shift[]' to the defendant to prove the documents or transactions are not fraudulent." *United States v. Vaid*, 16 Cr. 763 (LGS), 2017 WL 3891695, at *11 (S.D.N.Y. Sept. 5, 2017) (collecting cases) (quoting *Bortnovsky*, 820 F.2d at 575 (holding that district court abused its discretion by denying a motion for bill of particulars identifying which of the many insurance claims and invoices were alleged to be falsified or fraudulent)); *see also United States v. Wang*, 23 Cr. 118 (AT), 2024 WL 1251105, at *4 (S.D.N.Y. Mar. 22, 2024) ("Courts regularly require the Government to provide information about wire transfers through particulars when the defendant is faced with wire fraud charges and voluminous discovery." (collecting cases)); *United States v. Trie*, 21 F. Supp. 2d 7, 21 (D.D.C. 1998) ("A defendant faced with false statements charges should not have to waste precious pre-trial preparation time guessing which statements he has to defend against or which contributors may be witnesses against him at trial when the government knows precisely the statements on which it intends to rely and can easily provide the information.").

In this case, "[f]undamental fairness demands" that the government particularize the misrepresentations underlying the alleged scheme by identifying the "finite universe" of alleged misrepresentations from among the approximately one million pages of documents and more than five terabytes of video, audio, text, email, and document files it has produced in discovery. *See United*

*States v. Connolly*, 16 Cr. 370 (CM), 2017 WL 2537808, at *5–6 (S.D.N.Y. May 24, 2017). Such particularity is warranted even if the government has provided more than a barebones indictment, when in its supplemental information the government's "general description is insufficient to allow Defendant to prepare for trial and prevent surprise." *United States v. Hanratty*, 24 Cr. 153 (LGS), 2024 WL 4892742, at *8 (S.D.N.Y. Nov. 26, 2024) (ordering bill of particulars notwithstanding the government's provision of additional detail to defense counsel when "[t]he Government described in general terms the nature of the fraudulent statements and provided a handful of examples, including those listed in the Complaint, but declined to identify 'all statements, acts, and/or omissions that form the basis of the Indictment's bank and wire fraud charges'").

In opposing this request, the government is likely to point to its discovery production and assert that this voluminous amount of material obviates the need for it to provide more clarity to the defense. *See, e.g.*, Ex. A at 1. But the hundreds of thousands of pages of discovery and terabytes of data do not help Mr. Rinsch to avoid unfair surprise at trial. To the contrary, the large volume of discovery here militates *in favor* of a bill of particulars. The government cannot merely rely on discovery as an "adequate substitute for a straightforward identification in a bill of particulars," *Davidoff*, 845 F. 2d at 1155, and the government does not "fulfill its obligation merely by providing mountains of documents to defense counsel." *United States v. Luna*, 05 Cr. 58 (SRU), 2006 WL 1668006, at *1 (D. Conn. May 17, 2006). The Court of Appeals and other courts in this Circuit have repeatedly stated that providing voluminous discovery in a complex case like this counsels in favor of a bill of particulars. *See Bortnovsky*, 820 F.2d at 574–75 ("The Government did not fulfill its obligation merely by providing mountains of documents to defense counsel."); *accord United States v. Tournant*, 22 Cr. 276 (LTS), 2023 WL 8649893, at *2 (S.D.N.Y. Dec. 13, 2023) ("Courts in this Circuit have, however, recognized that, in some instances, mountains of discovery without more will not be sufficient to render an indictment constitutionally sound.") (quotation omitted); *United States v. Aquart*, 06 Cr. 160

-5-

(PCD), 2006 WL 2684304, at *2 (D. Conn. Sept. 19, 2006) ("[A] large volume of discovery may warrant a bill of particulars if it obfuscates the allegedly unlawful conduct and unfairly inhibits the defendant's preparation for trial."); *United States v. Mahaffy*, 446 F. Supp. 2d 115, 119 (E.D.N.Y. 2006) ("Perhaps the most frequent case in which particulars are warranted is where discovery is overwhelmingly extensive[.]").

The need for a bill of particulars is particularly salient here, where the alleged crimes relate to otherwise innocuous conduct—negotiating and carrying out a streaming television program production agreement—and not inherently illegal activities like selling narcotics or engaging in crimes of violence. For Mr. Rinsch to prepare for trial, he must know which of his many communications with Netflix over multiple years are alleged to have been criminal.

The government's July 30, 2025 letter highlights the need for these particulars because it demonstrates that the allegedly fraudulent statements, representations, and omissions at issue are "not ascertainable." *Vaid*, 2017 WL 3891695, at *11. Specifically, the government stated in its July 30 letter that the list of examples it provided "is not exhaustive or exclusive" and it "reserve[d] the right to alter or amend this list, and to identify and introduce additional communications or statements at trial as proof of the defendant's fraud." Ex A. at 2. Without additional information and particulars identifying the statements the government alleges constitute the basis for the wire fraud count, Mr. Rinsch cannot adequately prepare for trial and avoid unfair surprise at trial.

If the Court declines to order a bill of particulars, it should direct the government to identify, no fewer than 60 days before trial, all communications it intends to introduce at trial to demonstrate a misstatement, omission, or wire communication in support of the wire fraud count. *See, e.g.*, *United States v. Wey*, 15 Cr. 611 (AJN), 2017 WL 237651, at *22 (S.D.N.Y. Jan. 18, 2017) (declining to order bill of particulars but ordering early disclosure of government's trial exhibits "in light of the relative

-7-

scarcity of specific allegedly fraudulent misstatements, omissions, and wire communications ascribed to [defendant] in the Indictment and the Search Warrant Affidavit").

## IV.  CONCLUSION

For the reasons set forth above, Mr. Rinsch respectfully requests that the Court grant the instant motion and direct the government to file a bill of particulars identifying the statements the government alleges form the basis for the indictment's wire fraud count.

Dated: August 18, 2025
      New York, New York

Respectfully submitted,

_____/s/_____

Ariel Werner
Michael Arthus
Neil P. Kelly
Federal Defenders of New York
52 Duane Street, 10th Floor
New York, NY 10007
(212) 417-8700