# EXHIBIT A



*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

July 30, 2025

**BY EMAIL**
Ariel Werner, Esq.
Michael Arthus, Esq.
Neil Kelly, Esq.
Assistant Federal Defenders
52 Duane Street, 10th Floor
New York, NY 10007
Ariel_Werner@fd.org
Michael_Arthus@fd.org
Neil_Kelly@fd.org

    Re:    *United States v. Carl Erik Rinsch*, 25 Cr. 085 (JSR)

Dear Ms. Werner, Mr. Arthus, and Mr. Kelly:

    We write in response to your July 22, 2025 email, which requests certain additional information about Count One of the Indictment.

    *First*, you ask that we identify "[t]he specific misstatements that the government alleges were false and material." As you know, the Government is not required to disclose the precise manner in which it will attempt to prove the charges, the precise manner in which the defendant committed the crimes charged, or supply a preview of its trial evidence or legal theories. *See United States v. Rittweger*, 259 F. Supp. 2d 275, 291 (S.D.N.Y. 2003) ("The Government may not be compelled to provide a bill of particulars disclosing the manner in which it will attempt to prove the charges, the precise manner in which the defendant[] committed the crimes charged, or a preview of the Government's evidence or legal theories."); *United States v. Henry*, 81 F. Supp. 1190, 1197 (S.D.N.Y. 1994) (collecting cases). It is enough that the defendant has the information necessary for the preparation of his defense. Here, the defendant already has that and more. Among other materials, the defendant has a detailed indictment that describes the defendant's scheme; extensive Rule 16 discovery, including a substantial amount of material in text-searchable format and records from an arbitration that provide a substantial roadmap to certain of the facts of this case, including testimony from the defendant and various Netflix executives about the negotiation around and intended purpose of the $11 million payment at the heart of the wire fraud charge; a chart, provided on or about April 3, 2025, tracing many of the relevant financial transactions at issue; the Government's April 28, 2025 email identifying several documents for the defense, including the Bates numbers for email negotiations around the payment of the $11 million and the defendant's statements to Netflix executives about the status of the "White Horse" show following the payment, *see* USAO_RINSCH_RELATIVITY_00016364, USAO_RINSCH_RELATIVITY_00080303; USAO_RINSCH_RELATIVITY_00212838; and early productions of certain § 3500 material.

Through those materials, the factual basis for the wire fraud charge is clear, and the defendant knows what allegations he must prepare to meet at trial. As alleged, from at least in or about October 2019 through at least in or about November 2020, the defendant engaged in a fraudulent scheme during which he convinced Netflix to send him approximately $11 million in early March 2020, through numerous representations and discussions—both oral and written—that he was going to continue working on the completion of the television series "White Horse," that this money was necessary to send to the defendant to do that work, and that the money would be spent exclusively on a discrete list of production-related tasks. *See, e.g.*, Indictment ¶ 9 (alleging that the defendant agreed with Netflix that the $11 million would be used for certain pre- and post-production tasks such as "storyboarding; art, makeup, and costume design; paying actors, artists, and crew members; and editing footage that had already been shot"). Then, after he caused Netflix to send him the money, the defendant continued to make numerous statements to Netflix in order to retain that money, which statements were intended to lull Netflix into believing that the production was moving forward as planned and that nothing was amiss. *See, e.g.*, Indictment ¶ 12 (alleging that, after receiving the $11 million payment, the defendant "falsely informed [Netflix] that White Horse was 'awesome and moving forward really well'").

As a result, the defendant has ample notice of the charged conduct, and he is not entitled to the granular information that you request. Nevertheless, as a courtesy to you, the Government is providing herein a list of certain communications or statements that reflect misstatements made by the defendant or his agents or were otherwise made in furtherance of the defendant's fraudulent scheme. This list is not exhaustive or exclusive. The Government reserves the right to alter or amend this list, and to identify and introduce additional communications or statements at trial as proof of the defendant's fraud.

To start, the following are certain communications either sent by the defendant himself or were sent by one of his agents on his behalf in furtherance of the fraud, prior to receipt of Netflix's $11 million payment:

- Text messages that Rinsch exchanged with Cindy Holland between December 20, 2019 and December 21, 2019, to set up a discussion about the future of White Horse's production, USAO_RINSCH_RELATIVITY_00081174;

- Rinsch's February 3, 2020 email (including attachments), USAO_RINSCH_RELATIVITY_00014829;

- Rinsch's February 4, 2020 email (including attachment), USAO_RINSCH_RELATIVITY_00010838;

- Richard Kendall's February 14, 2020 email, USAO_RINSCH_RELATIVITY_00011133;

- Rinsch's February 20, 2020 text message at 3:27:22 PM, USAO_RINSCH_RELATIVITY_00080303;

- Rinsch's February 27, 2020 text message at 9:23:23 AM, USAO_RINSCH_RELATIVITY_00080304;

- Richard Kendall's February 28, 2020 email, USAO_RINSCH_RELATIVITY_00011314;

- Rinsch's February 28, 2020 email to Cindy Holland (including attachment), USAO_RINSCH_RELATIVITY_00011315;

- Rinsch's March 2, 2020 text message at 4:14:49 PM to Cindy Holland, USAO_RINSCH_RELATIVITY_00080305;

- Various statements made by Rinsch (or on Rinsch's behalf) during the parties' negotiation in early March 2020 about the $11 million payment, USAO_RINSCH_RELATIVITY_00011836, USAO_RINSCH_RELATIVITY_00042678, USAO_RINSCH_RELATIVITY_00000748; and

- Rinsch's March 5, 2020 text messages at 11:18:11 AM, 11:15:17 AM, 2:53:48 PM, and 7:18:59 PM, USAO_RINSCH_RELATIVITY_00080307 through -309.

In addition, the following are certain of the post-payment communications that the defendant made in furtherance of the scheme:

- Rinsch's March 6, 2020 text messages at 1:57:29 PM and 1:57:58 PM, USAO_RINSCH_RELATIVITY_00080309;

- Rinsch's March 8, 2020 text message at 2:34:46 PM, USAO_RINSCH_RELATIVITY_00080309;

- Rinsch's March 10, 2020 email, USAO_RINSCH_RELATIVITY_00686167;

- Rinsch's March 24, 202 email, USAO_RINSCH_RELATIVITY_00042686;

- Rinsch's April 8, 2020 text message, USAO_RINSCH_RELATIVITY_00080313;

- Rinsch's April 20, 2020 text messages at 12:58:03 PM, 12:58:31 PM, 12:58:32 PM, 12:58:54 PM, 12:58:54 PM, 12:59:26 PM, 3:43:33 PM, and 3:43:52 PM, USAO_RINSCH_RELATIVITY_00080317 through -325;

- Rinsch's May 26, 2020 text messages at 2:52:22 PM and 3:16:42 PM, USAO_RINSCH_RELATIVITY_00080326;

- Rinsch's June 4, 2020 text message at 6:44:42 PM, USAO_RINSCH_RELATIVITY_00080327;

- Rinsch's June 12, 2020 text message at 10:11:55 AM, USAO_RINSCH_RELATIVITY_00080328;

- Rinsch's comments about the ongoing production and a booklet of White Horse-related artwork that he showed to Cindy Holland and Peter Friedlander during a meeting at the Four Seasons Hotel on or about June 14, 2020, *see, e.g.*, USAO_RINSCH_00044351, USAO_RINSCH_00044409;

- Rinsch's July 17, 2020 text message at 8:08:14 AM, USAO_RINSCH_RELATIVITY_00080332; and

- Statements that Rinsch made about the ongoing production during his initial phone call with Rochelle Gerson, which took place in late 2020, *see, e.g.*, USAO_RINSCH_00044387 and -395.

*Second*, you ask that we identify the "specific wires or financial transactions that the government alleges were induced or caused by the [defendant's] misstatements or omissions." As is clear from the above, during the course of the defendant's scheme, the defendant personally sent or caused to be sent numerous "wires" in the form of emails, text messages, and calls, including but not limited to the items listed herein. In terms of financial transactions, the Government currently anticipates establishing that the defendant's fraudulent conduct induced or caused Netflix to wire $11 million to Home VFX's Bank of America account ending in account number x6485 on or about March 6, 2020, *see, e.g.*, USAO_RINSCH_00027115, USAO_RINSCH_00027632, USAO_RINSCH_00040346. Through the course of trial preparation, the Government reserves the right to identify and introduce additional "wires or financial transactions" as proof of the defendant's fraud.

We are available to discuss if you have any questions.

Very truly yours,

JAY CLAYTON
*United States Attorney*

by: /s/_____
Timothy V. Capozzi
David Markewitz
*Assistant United States Attorneys*