

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

November 19, 2025

**By ECF**

The Honorable Jed S. Rakoff
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

      **Re:**    ***Carl Erik Rinsch*, 25 Cr. 085 (JSR)**

Dear Judge Rakoff:

      The Government writes to respectfully request that, at trial, the Court admit into evidence certain business and public records on the basis of written certifications of the relevant custodians of records, pursuant to Federal Rules of Evidence 803(6), 803(8), 902(4), and 902(11).

**I.**       **Applicable Law**

      **a.**   **Rules 803(6) and 902(11)**

      In *Crawford v. Washington*, 541 U.S. 36 (2004), the Supreme Court found that out-of-court statements that are "testimonial" violate the Confrontation Clause of the Sixth Amendment and are inadmissible unless the declarant is unavailable, and the defendant has had prior opportunity to cross-examine the declarant regarding the statement. However, the Second Circuit has held that business records properly admitted under Federal Rule of Evidence 803(6) "cannot be testimonial because a business record is fundamentally inconsistent with what the Supreme Court has suggested comprise the defining characteristics of testimonial evidence." *United States v. Feliz*, 467 F.3d 227, 233-34 (2d Cir. 2006); *see also Davis v. Washington*, 547 U.S. 813, 822 (2006) (statements are "testimonial" if their "primary purpose . . . is to establish or prove past events potentially relevant to later criminal prosecution").

      Under Rule 803(6), a record may be admitted as non-hearsay if it was made at or near the time by someone with knowledge, or who had the information transmitted to them by someone with knowledge; the record was kept in the course of a regularly conducted activity of a business or organization; and making the record was a regular practice of that business activity. FED. R. EVID. 803(6). "The principal precondition to admission of documents as business records pursuant to [Rule] 803(6) is that the records have sufficient indicia of trustworthiness to be considered reliable." *Potamkin Cadillac Corp. v. B.R.I. Coverage Corp.*, 38 F.3d 627, 632-33 (2d Cir. 1994) (cleaned up). The Second Circuit has taken a "generous view of the business records exception,

construing it to favor [] the admission of evidence . . . if it has any probative value at all." *United States v. Strother*, 49 F.3d 869, 874 (2d Cir. 1995) (cleaned up).

Business records of regularly conducted activity that meet the necessary conditions to qualify under the hearsay exception may be authenticated, among other methods, by a certification that complies with Rule 902(11). FED. R. EVID. 803(6)(D); *see also United States v. Ayelotan*, 917 F.3d 394, 402 (5th Cir. 2019) ("Records are self-authenticating if they include a custodian certification that the records 'meet[] the requirements of Rule 803(6)(A)-(C).'"). Specifically, Rule 902(11) provides, in relevant part, that "[t]he original or a copy of a domestic record that meets the requirements of Rule 803(6)(A)-(C), as shown by a certification of the custodian or another qualified person . . ." is self-authenticating and requires no extrinsic evidence of authenticity to be admitted. Prior to trial, the proponent of the records must also give the adverse party reasonable written notice of the intent to offer the records and make the records and certifications available for inspection so that the adverse party has a fair opportunity to challenge them. *Id.*

Just as properly admitted business records are not considered testimonial, so too a certificate required under Rule 902(11) to authenticate such records is not considered testimonial. In *United States v. Qualls*, 53 F. Supp. 2d 241, 245 (E.D.N.Y. 2008), *aff'd summary order*, 613 F. App'x 25 (2d Cir. 2015), the court held that authentication of foreign business records pursuant to 18 U.S.C. § 3505 did not violate the Confrontation Clause of the Sixth Amendment. In so holding, the court reasoned that prohibiting the admission of records necessary to authenticate the business records themselves would be contrary to the Supreme Court's intention to support the admission of business records as nontestimonial. *Id.* at 246. The court further observed that judicial economy would be reduced with little gain to the truth-seeking process if these business records had to be authenticated by live witness testimony. *Id.* While the Second Circuit's summary order affirming the decision in *Qualls* did not explicitly reach the question of whether a certificate authenticating business records could itself be considered testimonial, all other circuits that have addressed the question have held that it is not.[1] *See United States v. Yeley-Davis*, 632 F.3d 673, 678 (10th Cir. 2011) (certificate of authenticity presented under Rule 902(11) is not testimonial); *United States v. Anekwu*, 695 F.3d 967, 077 (9th Cir. 2012) (not plain error for district court to admit business records authenticated by certificate where the purpose of the certificate was merely to authenticate the records and not to establish or prove a fact at trial); *United States v. Adefehinti*, 510 F.3d 319, 327-38 (D.C. Cir. 2008) (authentication of hundreds of loan applications, sales contracts, promissory notes, verifications of deposit and of employment by way of 902(11) certifications by numerous custodians of record is permissible under *Crawford*); *United States v. Ellis*, 460 F.3d 920, 927 (7th Cir. 2006) (written certification attesting to authenticity of business record is not testimonial evidence). *See also United States v. Al-Imam*, 382 F. Supp. 3d 51, 59-60 (D.D.C. 2019) ("Every court that has addressed this issue has concluded that admission of certifications

---

[1] In *Qualls*, the foreign business records at issue were admitted by the district court under 18 U.S.C. § 3505 based on records certifications, but the certifications themselves were not introduced as evidence. The Second Circuit found that the admission was proper, but did not address whether the certifications themselves were testimonial, reasoning that because the certifications were not in evidence, there could be no Confrontation Clause issue. 613 F. App'x at 28-29.

pursuant to Rule 803(6)—including § 3505 and its analogs in Rule 902(11) and (12)—does not pose Confrontation Clause problems" and gathering cases).

### b. Rule 803(8) and 902(4)

Federal Rule of Evidence 803(8) excepts from the rule against hearsay a "record or statement of a public office" if (a) it sets out either (i) "the office's activities" or (ii) "a matter observed while under a legal duty to report, but not including, in a criminal case, a matter observed by law-enforcement personnel," and (b) "the opponent does not show that the possible source of the information or other circumstances indicate a lack of trustworthiness." FED. R. EVID. 803(8). The Second Circuit has held that "public records are nontestimonial, and not subject to the strictures of the Confrontation Clause." *United States v. Feliz*, 467 F.3d 227, 237 (2d Cir. 2006). "[P]ublic records are generally admissible absent confrontation, not because they qualify under an exception to the hearsay rules, but because—having been created for the administration of an entity's affairs and not for the purpose of establishing or proving some fact at trial—they are not testimonial." *United States v. James*, 712 F.3d 79, 90 (2d Cir. 2013) (quoting *Melendez–Diaz v. Massachusetts*, 557 U.S. 305, 324 (2009)).

Public records may be authenticated, among other methods, by complying with the requirements of Rule 902(4): the records must be certified as correct by a custodian or another persona authorized to make the certification.

## II.    Discussion

The business records at issue here fall into six categories: (1) subscriber and toll records from AT&T, (2) bank account records, including account statements, from Bank of America, Citibank, and Wells Fargo, (3) brokerage records from Charles Schwab, (4) cryptocurrency records from Payward Ventures, (5) sales records from various retailers (*i.e.*, F.C. Kerbeck & Sons, Richemont North America, Ferrari Silicon Valley, Merit LLC), and (6) Fedwire fund messages from the Federal Reserve. The relevant business record certifications are attached hereto in Exhibits A through K. The public records at issue here are certificates of deposit insurance from the FDIC. The relevant public records certifications are attached hereto in Exhibit L.

Absent a stipulation concerning the authenticity and admissibility of these business and public records, the Government will need to call approximately 11 witnesses at trial solely to testify concerning their respective businesses' recordkeeping practices and the authenticity of these business and public records. To avoid unnecessarily prolonging the trial, on November 7, 2025, the Government sent defense counsel stipulations regarding the authenticity and admissibility of these documents. Defense counsel has yet to execute any such stipulations.[2] As a result, the Government is working to secure the testimony of approximately 11 custodians, many of whom would have to travel to New York to appear at trial. On November 18, 2025, and November 20, 2025, the Government provided notice to the defendant that it would be seeking to admit the

---

[2] Thus far, the defense has stated only that they will agree to stipulate to the admission of Bank of America records. But, as the parties do not yet have an executed stipulation to that effect, the Government is including the Bank of America records in this application.

documents at issue through record certifications. *See* FED. R. EVID. 902(11) (requiring "notice of the intent to offer" the relevant records, and an opportunity to inspect them, "so that the [adverse] party has a fair opportunity to challenge them").

The Government respectfully requests that the Court rule in advance of trial that the business and public records that are covered by the written certifications enclosed in Exhibits A through L may be admitted pursuant to those written certifications under Rules 803(6), 803(8), 902(4), and 902(11), thereby obviating the need for the substantial public expense associated with the travel of custodians and what would constitute an unnecessary burden on those custodians and their employers.[3] An advance finding by the Court that business records may be introduced pursuant to written certification would meaningfully streamline the Government's presentation of evidence, serving the ends of judicial economy and taking into consideration the time and attention of the jury. Of course, Rule 902(4) and 902(11) exist for precisely this reason, and the Government is aware this Court has previously granted (in large part) a similar motion concerning the admission of similar records. *See United States v. Akhavan*, 20 Cr. 188 (JSR), ECF No. 151 (S.D.N.Y. February 14, 2021) (ruling that certain bank account records, transaction lists, and compliance records, as to which certifications by the relevant custodians of records had been produced to the defense, were self-authenticating and would not be excluded at trial based on the hearsay rule).[4]

So too here, the Government respectfully requests that the Court rule in advance of trial that the Government may introduce at trial certain business and public records.

Very truly yours,

JAY CLAYTON
United States Attorney

By:    /s/
David Markewitz
Timothy V. Capozzi
Adam Sowlati
Assistant United States Attorneys

cc: (Counsel of Record) (by ECF)

---

[3] For a small number of these businesses, the Government may still call a representative to explain aspects of the records. However, a ruling that these records are admissible would narrow the scope and time of their testimony, and the Government would of course endeavor to speak to the defense to reach a stipulation to obviate the need for testimony entirely.

[4] A copy of the Court's February 14, 2021, decision in *Akhavan* is attached hereto as Exhibit M. It bears mentioning that, in *Akhavan*, the Court denied without prejudice the Government's motion insofar as it sought to admit certain email communications. The Government is not seeking by this letter to admit email communications through records certifications.

# Exhibit A



AT&T
11760 US HWY 1, SUITE 300
NORTH PALM BEACH FL 33408

(800) 635-6840
(888) 938-4715 (Fax)

CERTIFICATE OF AUTHENTICITY OF DOMESTIC RECORDS PURSUANT TO FEDERAL
RULES OF EVIDENCE 902(11) AND 902(13)

GLDC FILE NUMBER: 3868299

I, Kewana Jones, attest, under penalties of perjury by the laws of the United States of America pursuant
to 28 U.S.C. § 1746, that the information contained in this certification is true and correct.  I am
employed by AT&T, and my title is Legal Compliance Analyst.   I am qualified to authenticate the
records attached hereto because I am familiar with how the records were created, managed, stored, and
retrieved.  I state that the records attached hereto are true duplicates of the original records in the
custody of AT&T.  I further state that:

        a.      All records attached to this certificate were made at or near the time of the occurrence of
the matter set forth by, or from information transmitted by, a person with knowledge of those matters,
they were kept in the ordinary course of the regularly conducted business activity of AT&T , and they
were made by AT&T  as a regular practice; and

        b.      Such records were generated by AT&T's electronic process or system that produces an
accurate result, to wit:

                1. The records were copied from electronic device(s), storage medium(s), or file(s) in the
custody of AT&T in a manner to ensure that they are true duplicates of the original records; and

                2. The process or system is regularly verified by AT&T, and at all times pertinent to the
records certified here the process and system functioned properly and normally.

I further state that this certification is intended to satisfy Rules 902(11) and 902(13) of the Federal Rules
of Evidence.

*Kewana Jones*

03-01-2024
Date

USAO_RINSCH_00021254



AT&T
11760 US HWY 1, SUITE 300
NORTH PALM BEACH FL 33408

(800) 635-6840
(888) 938-4715 (Fax)

CERTIFICATE OF AUTHENTICITY OF DOMESTIC RECORDS PURSUANT TO
FEDERAL RULES OF EVIDENCE 902(11) AND 902(13)

GLDC FILE NUMBER: 4283875

I, Javon Monroe, attest, under penalties of perjury by the laws of the United States of America
pursuant to 28 U.S.C. § 1746, that the information contained in this certification is true and
correct.  I am employed by AT&T, and my title is Legal Compliance Analyst.   I am qualified to
authenticate the records attached hereto because I am familiar with how the records were created,
managed, stored, and retrieved.  I state that the records attached hereto are true duplicates of the
original records in the custody of AT&T.  I further state that:

      a.     All records attached to this certificate were made at or near the time of the
occurrence of the matter set forth by, or from information transmitted by, a person with
knowledge of those matters, they were kept in the ordinary course of the regularly conducted
business activity of AT&T , and they were made by AT&T  as a regular practice; and

      b.     Such records were generated by AT&T's electronic process or system that
produces an accurate result, to wit:

          1. The records were copied from electronic device(s), storage medium(s), or
file(s) in the custody of AT&T in a manner to ensure that they are true duplicates of the original
records; and

          2. The process or system is regularly verified by AT&T, and at all times pertinent
to the records certified here the process and system functioned properly and normally.

I further state that this certification is intended to satisfy Rules 902(11) and 902(13) of the
Federal Rules of Evidence.

*Javon Monroe*

03-31-2025
Date

This message and any attachments to it contain confidential business information intended solely
for the recipients. If you have received this document in error please do not forward or distribute
it to anyone else, but telephone (800) 635-6840 to report the error, and then delete this message
from your system.

USAO_RINSCH_00021255

# Exhibit B



**BANK OF AMERICA**

**Reference number**
D020624000610
**Court case number**
2023R01207
**Court or issuer**
U.S Attorney's Office
**Court case name:**

## Declaration of Bank of America Officer and/or Custodian of Records

Before me, the undersigned authority, personally appeared, Deidra Smith, who, being duly sworn by me, deposes and says as follows:

1. **Authority**

   I, Deidra Smith, am a duly authorized bank officer and/or custodian of the records of Bank of America, N.A. with authority to execute this affidavit and certify to the authenticity and accuracy of the records produced with this declaration.

2. **Records**

   The records produced herewith by Bank of America, N.A. are original documents or are true copies of records of a

   regularly conducted banking activity that:

   - Were made at or near the time of the occurrence of the matters set forth by, or from information transmitted by, a person with knowledge of these matters;
   - Were made and kept in the course of regularly conducted banking activity by Bank of America, N.A. personnel or by persons acting under their control; and
   - Were made and kept by the regularly conducted activity of Bank of America, N.A. as a regular practice, on or about the time of the act, condition or event recorded.

| Account title: | Account ending in: | Document type: | Timeframe: |
|---|---|---|---|
| HOME VFX | 6486 | debits, offset, deposit, statements, signature card, wires | 2018-01 - 2024-01 |
| HOME VFX | 8643 | withdrawal, statements, signature card, wires | 2020-03 - 2024-01 |

IP RECORDS INCLUDED

3. **Production**

   ___X___ The records produced herewith (together with any banking records produced by Bank of America N.A. previously in response to the subject request, order, or subpoena) constitute a complete production of bank records in our possession responsive to the subject request order or subpoena (or a complete production under the terms of a subject request, order, subpoena as subsequently limited by the issuer).

   **OR**

   _____ A thorough search has been conducted and no records could be located that are responsive to the subject request, order, or subpoena.

Bank of America and the Bank of America logo are registered trademarks of the Bank of America Corporation.
Bank of America, N.A. Member FDIC.

4.  I declare under penalty of perjury that the foregoing is true and correct.

Date: 2/12/2024_____    Signature: _____

Deidra Smith
Digitally signed by
Deidra Smith
Date: 2024.02.12 08:40:42
-07'00'

LGLDEPDOC00-65-5248NSBWD020624000610

**BANK OF AMERICA**

**Reference number**
D021225000329
**Court case number**
2023R01207
**Court or issuer**
THE JACOB K. JAVITS FEDERAL BUILDING
**Court case name:**
CARL RINSCH

## Declaration of Bank of America Officer and/or Custodian of Records

Before me, the undersigned authority, personally appeared, Rita Munson, who, being duly sworn by me, deposes and says as follows:

1. **Authority**
   I, Rita Munson, am a duly authorized bank officer and/or custodian of the records of Bank of America, N.A. with authority to execute this Declaration and certify to the authenticity and accuracy of the records produced with this Declaration.

2. **Records**

   The records produced herewith by Bank of America, N.A. are original documents or are true copies of records of a regularly conducted banking activity that:

   - Were made at or near the time of the occurrence of the matters set forth by, or from information transmitted by, a person with knowledge of these matters;
   - Were made and kept in the course of regularly conducted banking activity by Bank of America, N.A. personnel or by persons acting under their control; and
   - Were made and kept by the regularly conducted activity of Bank of America, N.A. as a regular practice, on or about the time of the act, condition or event recorded.

| Account title: | Account ending in: | Document type: | Timeframe: |
|---|---|---|---|
| CARL ERIK RINSCH | 3966 | Wires | 2021-10 - 2021-11 |

3. **Production**

   __X___ The records produced herewith (together with any banking records produced by Bank of America N.A. previously in response to the subject request, order, or subpoena) constitute a complete production of bank records in our possession responsive to the subject request order or subpoena (or a complete production under the terms of a subject request, order, subpoena as subsequently limited by the issuer).

   **OR**

   _____ A thorough search has been conducted and no records could be located that are responsive to the subject request, order, or subpoena.

Bank of America and the Bank of America logo are registered trademarks of the Bank of America Corporation.
Bank of America, N.A. Member FDIC.

USAO_RINSCH_00023419

4.  I declare under penalty of perjury that the foregoing is true and correct.


Date: __02/20/2025_____    Signature: _____



**Reference number**
D021925000176
**Court case number**
2023R01207
**Court or issuer**
ASSISTANT UNITED STATES ATTORNEY
**Court case name:**
HOME VFX

# Declaration of Bank of America Officer and/or Custodian of Records

Before me, the undersigned authority, personally appeared, Reneisha Berry, who, being duly sworn by me, deposes and says as follows:

1.  **Authority**

    I, Reneisha Berry, am a duly authorized bank officer and/or custodian of the records of
    Bank of America, N.A. with authority to execute this Declaration and certify to the authenticity and accuracy of the records produced with this Declaration.

2.  **Records**

    The records produced herewith by Bank of America, N.A. are original documents or are true copies of records of a regularly conducted banking activity that:

    •  Were made at or near the time of the occurrence of the matters set forth by, or from information transmitted by, a person with knowledge of these matters;
    •  Were made and kept in the course of regularly conducted banking activity by Bank of America, N.A. personnel or by persons acting under their control; and
    •  Were made and kept by the regularly conducted activity of Bank of America, N.A. as a regular practice, on or about the time of the act, condition or event recorded.

| Account title: | Account ending in: | Document type: | Timeframe: |
|---|---|---|---|
| HOME VFX | 6485 | Wires, | 2020-03 - 2020-03 |

3.  **Production**

    __✓__ The records produced herewith (together with any banking records produced by Bank of America N.A. previously in response to the subject request, order, or subpoena) constitute a complete production of bank records in our possession responsive to the subject request order or subpoena (or a complete production under the terms of a subject request, order, subpoena as subsequently limited by the issuer).

    **OR**

    _____ A thorough search has been conducted and no records could be located that are responsive to the subject request, order, or subpoena.

Bank of America and the Bank of America logo are registered trademarks of the Bank of America Corporation.
Bank of America, N.A. Member FDIC.

USAO_RINSCH_00023423

4.    I declare under penalty of perjury that the foregoing is true and correct.


Date: _02/25/2025_____    Signature: _____

LGLDEPDOC00-65-5248NSBWD021925000176

**USAO_RINSCH_00023424**



**Reference number**
D021925000347
**Court case number**
2023R01207
**Court or issuer**
ASSISTANT UNITED STATES ATTORNEY
**Court case name:**
HOME VFX

# Declaration of Bank of America Officer and/or Custodian of Records

Before me, the undersigned authority, personally appeared, Victoria Larini, who, being duly sworn by me, deposes and says as follows:

1. **Authority**

   I, Victoria Larini, am a duly authorized bank officer and/or custodian of the records of
   Bank of America, N.A. with authority to execute this Declaration and certify to the authenticity and accuracy of the records produced with this Declaration.

2. **Records**

   The records produced herewith by Bank of America, N.A. are original documents or are true copies of records of a regularly conducted banking activity that:

   - Were made at or near the time of the occurrence of the matters set forth by, or from information transmitted by, a person with knowledge of these matters;
   - Were made and kept in the course of regularly conducted banking activity by Bank of America, N.A. personnel or by persons acting under their control; and
   - Were made and kept by the regularly conducted activity of Bank of America, N.A. as a regular practice, on or about the time of the act, condition or event recorded.

| Account title: | Account ending in: | Document type: | Timeframe: |
|---|---|---|---|
| HOME VFX | 8643 | Wires | 2020-03 - 1900-01 |

3. **Production**

   ___X___ The records produced herewith (together with any banking records produced by Bank of America N.A. previously in response to the subject request, order, or subpoena) constitute a complete production of bank records in our possession responsive to the subject request order or subpoena (or a complete production under the terms of a subject request, order, subpoena as subsequently limited by the issuer).

   **OR**

   _____ A thorough search has been conducted and no records could be located that are responsive to the subject request, order, or subpoena.

Bank of America and the Bank of America logo are registered trademarks of the Bank of America Corporation.
Bank of America, N.A. Member FDIC.

USAO_RINSCH_00023427

4.  I declare under penalty of perjury that the foregoing is true and correct.


Date: ___02/21/25_____     Signature: _____

LGLDEPDOC00-65-5248NSBWD021925000347

**USAO_RINSCH_00023428**

Bank of America Legal Order Processing
Regarding reference number: D120123000328
Court case number: 2023R01207
Court or issuer: UNITED STATES
ATTORNEY'S OFFICE
Court case name: CARL RINSCH

## DECLARATION OF BANK OF AMERICA BANK OFFICER AND/OR CUSTODIAN OF RECORDS

1.) <u>Authority.</u> I, Melissa Croft, am a duly authorized bank officer and/or custodian of the records of Bank of America N.A with authority to execute this declaration and certify to the authenticity and accuracy of the records produced with this declaration.

2.) <u>Records.</u> The records produced herewith by Bank of America, N.A. are original documents or are true copies of records of a regularly conducted banking activity that:
   a.) Were made at or near the time of the occurrence of the matters set forth by, or from information transmitted by, a person with knowledge of those matters;
   b.) Were made and kept in the course of regularly conducted banking activity by Bank of America, N.A. personnel or by persons acting under their control; and
   c.) Were made and kept by the regularly conducted activity of Bank of America N.A. as a regular practice, on or about the time of the act, condition, or event recorded.

Additional Comments:

| Account title: | Account ending in: | Document type: | Timeframe: |
|---|---|---|---|
| CARL E RINSCH | 6964 | Debits, Statement Pages, Signature Card, Cashier Checks, Phone Recordings, Wires, Deposits, Offsets, | 2017-01 - 2021-06 |
| CARL ERIK RINSCH | 3966 | Debits, Statement Pages, Signature Card, Cashier Checks, Phone Recordings, Wires, Deposits, Offsets, | 2021-06 - 2023-11 |
| HOME VFX | 6485 | Debits, Statement Pages, Signature Card, Corporate Resolution, Wires, Phone Recordings, Deposits, Offsets, | 2017-01 - 2021-06 |

3.) <u>Production.</u>
   X_____ The records produced herewith (together with any banking records produced by Bank of America N.A. previously in response to the subject request, order, or subpoena) constitute a complete production of bank records responsive to the subject request order or subpoena (or a complete production under the terms of a subject request, order, subpoena as subsequently limited by the issuer).

OR

_____A thorough search has been conducted and no records could be located that are responsive to the subject request, order, or subpoena.

4.) I declare under penalty of perjury that the foregoing is true and correct.

Date: 12/18/2023          Signature: Melissa Croft
Digitally signed by Melissa Croft
Date: 2023.12.18 07:17:03 -05'00'

# Exhibit C

# CERTIFICATION OF BUSINESS RECORDS

**Re:    USAO 2023R01207**

I, the undersigned, Becky Torbati, declare that:

1.  I am employed by Citigroup Management Corporation as Senior Executive Assistant and by reason of my position am authorized and qualified to make this declaration.

2.  I further certify that, to the best of my knowledge, information and belief, the documents submitted herewith, namely wire transfers, are true copies of records that were:

    a.  made at or near the time of the occurrence of the matters set forth therein, by, or from information transmitted by, a person with knowledge of those matters;

    b.  kept in the course of regularly conducted business activity; in that the records were created and preserved pursuant to established procedures, and were relied upon by an employee or this business, and

    c.  made as part of the regularly conducted business activity as a regular practice, in that the records were created and preserved as part of the routine reflections of the normal operations of this business.

3.  I understand that a false statement in this declaration could subject me to criminal penalty under the laws of the United States of America.

I declare under penalty of perjury under the laws of the United States of America that, to the best of my knowledge, information and belief, the foregoing is true and correct.


Executed on:    February 25, 2025

_Becky Torbati_

_____


**citi**®

**Becky Torbati**
**Senior Executive Assistant**
**Office of the General Counsel**
**Citibank, N.A.**
388 Greenwich Street, 17th Floor | New York, NY 10013
| Telephone:  212-816-7262 | Email:  becky.torbati@citi.com

USAO_RINSCH_00030440

# Exhibit D

Declaration of Custodian of Records

Pursuant to 28 U.S.C. § 1746, I, the undersigned, hereby declare:

My name is   Vani Minerva Aryan                         .
                  (name of declarant)

I am a United States citizen and I am over eighteen years of age. I am the custodian of records of the business named below, or I am otherwise qualified as a result of my position with the business named below to make this declaration.

I am in receipt of a Grand Jury Subpoena, dated August 5, 2024, and signed by Assistant United States Attorneys Kevin Mead and Danielle Kudla, requesting specified records of the business named below. Pursuant to Rules 902(11) and 803(6) of the Federal Rules of Evidence, I hereby certify that the records provided herewith and in response to the Subpoena:

(1) were made at or near the time of the occurrence of the matters set forth in the records, by, or from information transmitted by, a person with knowledge of those matters;

(2) were kept in the course of regularly conducted business activity; and

(3) were made by the regularly conducted business activity as a regular practice.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   August 20, 2024   .
                  (date)

_____
(signature of declarant)

   Vani Minerva Aryan                
(name and title of declarant)

   Wells Fargo Clearing Services, LLC       
(name of business)

   1 N. Jefferson Avenue, St. Louis, MO 63126   
(business address)

Definitions of terms used above:
As defined in Fed. R. Evid. 803(6), "record" includes a memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses. The term, "business" as used in Fed. R. Evid. 803(6) and the above declaration includes business, institution, association, profession, occupation, and calling of every kind, whether or not conducted for profit.

# Exhibit E

**CERTIFICATE OF AUTHENTICITY**
**OF**
**BUSINESS RECORDS**


I, <u>David Kirk</u>, attest that:

1. I am employed by <u>Payward Ventures, Inc</u>.  My official title is <u>Law Enforcement Production Supervisor</u> and I have been appointed the keeper of the attached records.

2. Each of the records attached to this Certificate of Authenticity is the original or a duplicate of the original records kept in the custody of <u>Payward Ventures, Inc.</u> The documents can be described as follows:  <u>Know Your Customer (KYC), account, and transaction data.</u>

3. I further state that:

    A) all of the attached records were made, at or near the time of the occurrence of the matters set forth, by (or from information transmitted by) a person with knowledge of those matters;

    B) these records were kept in the course of regularly conducted business activity; and

    C) it was the regular practice of this business to make such records.

I certify that the foregoing is true and accurate, to the best of my knowledge and belief.


Executed on   <u>11/23/2023</u>          *David Kirk* (r)
                          Date                              Signature

**CERTIFICATE OF AUTHENTICITY**
**OF**
**BUSINESS RECORDS**

I, <u>David Kirk</u>, attest that:

1.  I am employed by <u>Payward Ventures, Inc</u>.  My official title is <u>Law Enforcement Production Supervisor</u> and I have been appointed the keeper of the attached records.

2.  Each of the records attached to this Certificate of Authenticity is the original or a duplicate of the original records kept in the custody of <u>Payward Ventures, Inc.</u> The documents can be described as follows:  <u>Know Your Customer (KYC), account, and transaction data.</u>

3.  I further state that:

    A)  all of the attached records were made, at or near the time of the occurrence of the matters set forth, by (or from information transmitted by) a person with knowledge of those matters;

    B)  these records were kept in the course of regularly conducted business activity; and

    C)  it was the regular practice of this business to make such records.

I certify that the foregoing is true and accurate, to the best of my knowledge and belief.

Executed on  <u>12/19/2023</u>            *David Kirk* (r)
                        Date                          Signature

Exhibit F

Declaration of Custodian of Records

Pursuant to 28 U.S.C. § 1746, I, the undersigned, hereby declare:

My name is _Joseph R. MCGRATH_ .
(name of declarant)

I am a United States citizen and I am over eighteen years of age. I am the custodian of records of the business named below, or I am otherwise qualified as a result of my position with the business named below to make this declaration.

I am in receipt of a Grand Jury Subpoena, dated January 9, 2024, and signed by Assistant United States Attorney Dina McLeod, requesting specified records of the business named below. Pursuant to Rules 902(11) and 803(6) of the Federal Rules of Evidence, I hereby certify that the records provided herewith and in response to the Subpoena:

(1) were made at or near the time of the occurrence of the matters set forth in the records, by, or from information transmitted by, a person with knowledge of those matters;

(2) were kept in the course of regularly conducted business activity; and

(3) were made by the regularly conducted business activity as a regular practice.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _1/24/24_ .
(date)

_____
(signature of declarant)

_General Manager_
(name and title of declarant)

_FC KerBeck_
(name of business)

_100 Route 73 Palmyra, NJ. 08065_
(business address)

Definitions of terms used above:
As defined in Fed. R. Evid. 803(6), "record" includes a memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses. The term, "business" as used in Fed. R. Evid. 803(6) and the above declaration includes business, institution, association, profession, occupation, and calling of every kind, whether or not conducted for profit.

Exhibit G

Declaration of Custodian of Records

Pursuant to 28 U.S.C. § 1746, I, the undersigned, hereby declare:

My name is  Courtney L. Engel                                 .
                 (name of declarant)

I am a United States citizen and I am over eighteen years of age. I am the custodian of records of the business named below, or I am otherwise qualified as a result of my position with the business named below to make this declaration.

I am in receipt of a Grand Jury Subpoena, dated February 7, 2024, and signed by Assistant United States Attorney Dina McLeod, requesting specified records of the business named below. Pursuant to Rules 902(11) and 803(6) of the Federal Rules of Evidence, I hereby certify that the records provided herewith and in response to the Subpoena:

(1) were made at or near the time of the occurrence of the matters set forth in the records, by, or from information transmitted by, a person with knowledge of those matters;

(2) were kept in the course of regularly conducted business activity; and

(3) were made by the regularly conducted business activity as a regular practice.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  February 12, 2024     .
                 (date)

*Courtney L. Engel*
(signature of declarant)

Courtney L. Engel - Retail Finance Back Office & Consumer Payments Manager
(name and title of declarant)

Richemont North America, Inc.
(name of business)

3 Enterprise Dr. Suite 300, Shelton, CT 06484
(business address)

Definitions of terms used above:
As defined in Fed. R. Evid. 803(6), "record" includes a memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses. The term, "business" as used in Fed. R. Evid. 803(6) and the above declaration includes business, institution, association, profession, occupation, and calling of every kind, whether or not conducted for profit.

USAO_RINSCH_00042251

# Exhibit H

Declaration of Custodian of Records

Pursuant to 28 U.S.C. § 1746, I, the undersigned, hereby declare:

My name is _LORI  Dodd_____ .
          (name of declarant)

I am a United States citizen and I am over eighteen years of age. I am the custodian of records of the business named below, or I am otherwise qualified as a result of my position with the business named below to make this declaration.

I am in receipt of a Grand Jury Subpoena, dated January 9, 2024, and signed by Assistant United States Attorney Dina McLeod, requesting specified records of the business named below. Pursuant to Rules 902(11) and 803(6) of the Federal Rules of Evidence, I hereby certify that the records provided herewith and in response to the Subpoena:

(1) were made at or near the time of the occurrence of the matters set forth in the records, by, or from information transmitted by, a person with knowledge of those matters;

(2) were kept in the course of regularly conducted business activity; and

(3) were made by the regularly conducted business activity as a regular practice.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _1/24/24___ .
           (date)

_Lori Dodd_____
(signature of declarant)

_Lori Dodd, Controller_____
(name and title of declarant)

_Ferrari Silicon Valley_____
(name of business)

_2150 El Camino Real, Redwood City, CA 94061_
(business address)

Definitions of terms used above:
As defined in Fed. R. Evid. 803(6), "record" includes a memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses. The term, "business" as used in Fed. R. Evid. 803(6) and the above declaration includes business, institution, association, profession, occupation, and calling of every kind, whether or not conducted for profit.

USAO_RINSCH_00041927

# Exhibit I

## Declaration of Custodian of Records

Pursuant to 28 U.S.C. § 1746, I, the undersigned, hereby declare:

My name is _PAUL BEARMAN    C/O MERIT LLC_
        (name of declarant)

    I am a United States citizen and I am over eighteen years of age. I am the custodian of records of the business named below, or I am otherwise qualified as a result of my position with the business named below to make this declaration.

    I am in receipt of a Grand Jury Subpoena, dated February 27, 2025, and signed by Assistant United States Attorney Kevin Mead, requesting specified records of the business named below. Pursuant to Rules 902(11) and 803(6) of the Federal Rules of Evidence, I hereby certify that the records provided herewith and in response to the Subpoena:

    (1) were made at or near the time of the occurrence of the matters set forth in the records, by, or from information transmitted by, a person with knowledge of those matters;

    (2) were kept in the course of regularly conducted business activity; and

    (3) were made by the regularly conducted business activity as a regular practice.

    I declare under penalty of perjury that the foregoing is true and correct.

Executed on _3.3.25_ .
         (date)

_Paul Bearman_
(signature of declarant)

_PAUL BEARMAN    OWNER_
(name and title of declarant)

_MERIT LLC_
(name of business)

_2360 S ROBERTSON BLVD_
(business address)

_LOS ANGELES, CA 90034_

Definitions of terms used above:

As defined in Fed. R. Evid. 803(6), "record" includes a memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses. The term "business" as used in Fed. R. Evid. 803(6) and the above declaration includes business, institution, association, profession, occupation, and calling of every kind, whether or not conducted for profit.

# Exhibit J

INTERNAL FR/OFFICIAL USE // SECURE EXTERNAL

## CERTIFICATION

I, Joseph Catania, am an employee of the Federal Reserve Bank of New York (the "New York Fed"). My official title is Director, Financial Intelligence & Investigations Unit.

I certify that the attached records produced to David A. Markewitz, Assistant United States Attorney, pursuant to Southern District of New York Grand Jury Subpoenas dated December 14, 2023 and October 2, 2025, relate to electronic funds transfers involving the transactions identified by the following wire information:

| IMAD | Wire Date | Wire Amount |
|---|---|---|
| 20200306I1B7032R018141 | 03/06/2020 | $11,000,000.00 |
| 20200316B6B7HU2R015167 | 03/16/2020 | $8,000,000.00 |
| 20200330I1B7031R017733 | 03/30/2020 | $8,500,000.00 |

The attached records are true copies of the original electronic Fedwire® Funds Service[1] transaction records in the custody of the New York Fed.

I further certify that the original electronic records were created contemporaneously with the processing of the electronic fund transfers referenced above and that the original records are kept in the custody of the New York Fed in the course of a regularly conducted business activity as part of the New York Fed's regular practices.

Since April 27, 2009, the processing of all Fedwire funds transfer messages has involved a multistep process and two data centers located in New Jersey and Texas, respectively.[2]  The Fedwire Funds Service initially receives Fedwire funds transfers at the service's primary processing site.  The Fedwire Funds Service application then sends a copy of the message to a

---

[1]    Fedwire is a registered service mark of the Federal Reserve Banks.

[2]    Since 2016, the primary and secondary processing sites have been periodically alternated between the New Jersey and Texas locations.

USAO_RINSCH_00070404

secondary processing site and waits for a confirmation from the secondary processing site that the replicated copy has arrived at that site. The Fedwire Funds Service then settles the funds transfer by debiting the Fedwire sender's Federal Reserve Bank account and crediting the Fedwire receiver's Federal Reserve Bank account.

Therefore, every Fedwire funds transfer processed through the Fedwire Funds Service after April 27, 2009 has involved an exchange of electronic communications between Federal Reserve facilities in New Jersey and Texas.

I certify under penalty of perjury that the foregoing is true and correct.

_____
Signature

Executed on this twenty-ninth day of October, 2025

_____

ROBERT AMENTA
Notary Public, State of New York
No. 41-4971591
Qualified in Queens County
Commission Expires Sept. 10, 2026

347385-v1

2

USAO_RINSCH_00070405

# Exhibit K



Legal Services
P.O. Box 636010
Highlands Ranch, CO 80163
Fax (888) 368-6355

## <u>DECLARATION OF CUSTODIAN OF RECORDS</u>

### *NAME OF MATTER: CARL RINSCH*

### Case No: 2023R00769

I, the undersigned, declare:

     1.     I am the duly authorized Custodian of Records for the operating subsidiaries of The Charles Schwab Corporation, ("Schwab") in this particular instance and have the authority to certify the records enclosed herein.

     2.     The enclosed copies of business records produced in response to the subpoena/request for records represent true and correct copies thereof. Pursuant to Schwab's records retention policies, the enclosed documents represent documents maintained by Schwab in response to the subpoena / request for records.

     3.     The records were prepared and maintained by the personnel of Schwab in the ordinary course of business, at or near the time of the act, condition, or event described herein.

I declare the foregoing is true and correct.

Executed on November 28, 2023, at, Westlake, Texas.

Jason Plato

Digitally signed by Jason Plato
Date: 2023.11.28 12:36:42 -06'00'

Sr. Specialist Legal Support Charles Schwab & Co., Inc.

On October 6, 2020, The Charles Schwab Corporation acquired TD Ameritrade Holding Corporation and its subsidiaries, including but not limited to TD Ameritrade, Inc. As a result, Charles Schwab & Co., Inc. ("Schwab") and TD Ameritrade Inc. ("TDA") are now affiliates and may respond on behalf of one another. Responses to requests addressed to TDA may be handled by Schwab and may contain Schwab branding.

USAO_RINSCH_00027651



**Third Party Legal Process**
PO Box 981484
El Paso, TX 79998
Fax (888) 368-6355

## DECLARATION OF CUSTODIAN OF RECORDS

### RE: United States v Carl Erik Rinsch
### CASE NO: CR 25 085 JSR

I, the undersigned, declare:

1.       I am the duly authorized Custodian of Records for the operating subsidiaries of The Charles Schwab Corporation, ("Schwab") in this particular instance and have the authority to certify the records enclosed herein.

2.       The enclosed copies of business records produced in response to the subpoena/request for records represent true and correct copies thereof. Pursuant to Schwab's records retention policies, the enclosed documents represent documents maintained by Schwab in response to the subpoena / request for records.

3.       The records were prepared and maintained by the personnel of Schwab in the ordinary course of business, at or near the time of the act, condition, or event described herein.

I declare the foregoing is true and correct.

Executed on November 20, 2025, at, Westlake, TX.

_____
Charles Schwab & Co., Inc.

Samitha Moodley

Sr. Manager Third Party Legal Process

# Exhibit L



## FEDERAL DEPOSIT INSURANCE CORPORATION

Certification
(Pursuant to Fed. R. Evid. 902(4) and Fed R. Evid. 803(8))

I hereby certify that (1) the attached documents are correct copies of official records maintained by the Federal Deposit Insurance Corporation, an agency of the United States Government established pursuant to 12 U.S.C. § 1811(a),[1] and (2) I am authorized to make this certification.

The attached records concern the deposit insurance status of:

BANK OF AMERICA, NATIONAL ASSOCIATION, CHARLOTTE, NORTH CAROLINA
CERTIFICATE NUMBER:  3510.



BRANDON KING
Digitally signed by BRANDON KING
Date: 2024.12.23 08:36:38 -05'00'

---

[1] "There is hereby established a Federal Deposit Insurance Corporation (hereinafter referred to as the 'Corporation') which shall insure, as hereinafter provided, the deposits of all banks and savings associations which are entitled to the benefits of insurance under this chapter, and which shall have the powers hereinafter granted."

USAO_RINSCH_00069794

# Federal Deposit Insurance Corporation

## 550 17th Street, NW

## WASHINGTON, DC 20429

## Financial Institution Structure Report

**Excerpt from FDIC Records**

Institution:                          Bank of America, National Association

                                      100 N Tryon St

                                      Charlotte, NC 28202

FDIC Insurance Date:                  01/01/1934

Certificate Number:                   3510

Status:                               Active

---

Name by Date

---

10/17/1904 - Bank of America National Trust and Savings Association
07/23/1999 - Bank of America, National Association

---

Action by Date

---

07/23/1999 - Physical address changed to 101 South Tryon Street, Charlotte, NC

06/30/2008 - Physical address changed to 101 S Tryon St, Charlotte, NC

06/25/2012 - Physical address changed to 100 N Tryon St, Charlotte, NC

USAO_RINSCH_00069795

## CERTIFICATE OF INSURANCE

**The Federal Deposit Insurance Corporation certifies that the deposits of each depositor of the institution listed are insured to the maximum amount provided by the Federal Deposit Insurance Act.**

| | |
|---|---|
| **Financial Institution** | **BANK OF AMERICA, NATIONAL ASSOCIATION** |
| **Cert#** | **3510** |
| **Address** | **100 N. Tryon Street**<br>**Charlotte, North Carolina 28202** |

**I certify that I have examined the records of the Federal Deposit Insurance Corporation, an independent federal agency in the executive branch of the United States government, 12 U.S.C. § 1811 et seq., that I am authorized to make this certification, and that the records of the Federal Deposit Insurance Corporation state that the above-named financial institution obtained federal deposit insurance from the Federal Deposit Insurance Corporation on January 1, 1934, and that the accounts of that financial institution have remained federally insured since that date.**

**I certify that insurance applicable to the main office of the above-named financial institution is applicable to any domestic (U.S.) branch office of that institution.**

BRANDON KING
Digitally signed by BRANDON KING
Date: 2024.12.23 08:37:05 -05'00'



Certification
(Pursuant to Fed. R. Evid. 902(4) and Fed R. Evid. 803(8))

I hereby certify that (1) the attached documents are correct copies of official records maintained by the Federal Deposit Insurance Corporation, an agency of the United States Government established pursuant to 12 U.S.C. § 1811(a),[1] and (2) I am authorized to make this certification.

The attached records concern the deposit insurance status of:

CITIBANK NATIONAL ASSOCIATION, SIOUX FALLS, SOUTH DAKOTA
CERTIFICATE NUMBER:  7213.



Digitally signed by
JENNIFER HYSON
Date: 2025.01.06
04:14:55 -05'00'

---

[1] "There is hereby established a Federal Deposit Insurance Corporation (hereinafter referred to as the 'Corporation') which shall insure, as hereinafter provided, the deposits of all banks and savings associations which are entitled to the benefits of insurance under this chapter, and which shall have the powers hereinafter granted."

USAO_RINSCH_00069797

**Federal Deposit Insurance Corporation**

**550 17th Street, NW**

**WASHINGTON, DC 20429**

# Financial Institution Structure Report

**Excerpt from FDIC Records**

| | |
|---|---|
| Institution: | Citibank, National Association |
| | 5800 S Corporate Pl |
| | Sioux Falls, SD 57108 |
| FDIC Insurance Date: | 01/01/1934 |
| Certificate Number: | 7213 |
| Status: | Active |

---

### Name by Date

06/16/1812 - The National City Bank of NewYork
03/30/1955 - The First National City Bank of NewYork
01/19/1962 - First National City Bank
03/01/1976 - Citibank, N. A.
07/17/2001 - Citibank, National Association

---

### Action by Date

10/01/2006 - Physical address changed to 3900 Paradise Road, Suite 127, Las Vegas, NV

07/01/2011 - Physical address changed to 701 East 60th Street North, Sioux Falls, SD

09/09/2019 - Physical address changed to 5800 S Corporate Place, Sioux Falls, SD

07/01/2022 - Physical address changed to 5800 S Corporate Pl, Sioux Falls, SD

USAO_RINSCH_00069798

# CERTIFICATE OF INSURANCE

**The Federal Deposit Insurance Corporation certifies that the deposits of each depositor of the institution listed are insured to the maximum amount provided by the Federal Deposit Insurance Act.**

| | |
|---|---|
| **Financial Institution** | **CITIBANK NATIONAL ASSOCIATION** |
| **Cert#** | **7213** |
| **Address** | **5800 S. Corporate Place**<br>**Sioux Falls, South Dakota 57108** |

**I certify that I have examined the records of the Federal Deposit Insurance Corporation, an independent federal agency in the executive branch of the United States government, 12 U.S.C. § 1811 et seq., that I am authorized to make this certification, and that the records of the Federal Deposit Insurance Corporation state that the above-named financial institution obtained federal deposit insurance from the Federal Deposit Insurance Corporation on January 1, 1934, and that the accounts of that financial institution have remained federally insured since that date.**

**I certify that insurance applicable to the main office of the above-named financial institution is applicable to any domestic (U.S.) branch office of that institution.**

JENNIFER HYSON
Digitally signed by JENNIFER HYSON
Date: 2025.01.06 04:15:35 -05'00'



**FEDERAL DEPOSIT INSURANCE CORPORATION**

Certification
(Pursuant to Fed. R. Evid. 902(4) and Fed R. Evid. 803(8))

I hereby certify that (1) the attached documents are correct copies of official records maintained by the Federal Deposit Insurance Corporation, an agency of the United States Government established pursuant to 12 U.S.C. § 1811(a),[1] and (2) I am authorized to make this certification.

The attached records concern the deposit insurance status of:

WELLS FARGO BANK, NATIONAL ASSOCIATION, SIOUX FALLS, SOUTH DAKOTA
CERTIFICATE NUMBER:  3511.



RICHARD WOLESLAGLE

Digitally signed by
RICHARD WOLESLAGLE
Date: 2025.01.07
11:34:34 -05'00'

---

[1] "There is hereby established a Federal Deposit Insurance Corporation (hereinafter referred to as the 'Corporation') which shall insure, as hereinafter provided, the deposits of all banks and savings associations which are entitled to the benefits of insurance under this chapter, and which shall have the powers hereinafter granted."

USAO_RINSCH_00069800

**Federal Deposit Insurance Corporation**

**550 17th Street, NW**

**WASHINGTON, DC 20429**

# Financial Institution Structure Report

**Excerpt from FDIC Records**

| | |
|---|---|
| Institution: | Wells Fargo Bank, National Association |
| | 101 N Phillips Ave |
| | Sioux Falls, SD 57104 |
| FDIC Insurance Date: | 01/01/1934 |
| Certificate Number: | 3511 |
| Status: | Active |

## Name by Date

01/01/1870 - Crocker First National Bank of San Francisco
02/10/1956 - Crocker-Anglo National Bank
11/01/1963 - Crocker-Citizens National Bank
07/01/1971 - Crocker National Bank
05/30/1986 - Wells Fargo Bank, National Association
02/18/2000 - WELLS FARGO BANK, NATIONAL ASSOCIATION
02/23/2000 - Wells Fargo Bank, National Association

## Action by Date

06/14/1972 - Physical address changed to 1 Montgomery St, San Francisco, CA

03/26/1976 - Physical address changed to 1 Montgomery Street, San Francisco, CA

05/31/1988 - Physical address changed to 420 Montgomery St, San Francisco, CA

07/08/2000 - Physical address changed to 464 California St, San Francisco, CA

02/20/2004 - Physical address changed to 101 N Phillips Ave, Sioux Falls, SD

USAO_RINSCH_00069801

# CERTIFICATE OF INSURANCE

**The Federal Deposit Insurance Corporation certifies that the deposits of each depositor of the institution listed are insured to the maximum amount provided by the Federal Deposit Insurance Act.**

| Financial Institution | **WELLS FARGO BANK, NATIONAL ASSOCIATION** |
|---|---|
| Cert# | **3511** |
| Address | **101 N. Phillips Avenue** **Sioux Falls, South Dakota 57104** |

**I certify that I have examined the records of the Federal Deposit Insurance Corporation, an independent federal agency in the executive branch of the United States government, 12 U.S.C. § 1811 et seq., that I am authorized to make this certification, and that the records of the Federal Deposit Insurance Corporation state that the above-named financial institution obtained federal deposit insurance from the Federal Deposit Insurance Corporation on January 1, 1934, and that the accounts of that financial institution have remained federally insured since that date.**

**I certify that insurance applicable to the main office of the above-named financial institution is applicable to any domestic (U.S.) branch office of that institution.**

RICHARD WOLESLAGLE
Digitally signed by RICHARD WOLESLAGLE
Date: 2025.01.07 12:09:03 -05'00'

# Exhibit M

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------x
UNITED STATES OF AMERICA          :
                                  :
                                  :    20-cr-188 (JSR)
        -v-                       :
                                  :    MEMORANDUM ORDER
RUBEN WEIGAND & HAMID AKHAVAN,    :
                                  :
        Defendants.               :
                                  :
-----------------------------------x

JED S. RAKOFF, U.S.D.J.

        Now before the Court is the Government's letter motion in

limine, ECF No. 135 ("Gov't Ltr."), requesting that the Court rule

in advance of trial that certain exhibits qualify for the business

records exception to the hearsay rule pursuant to Federal Rule of

Evidence 803(6) and are, therefore, self-authenticating under Rule

902(11).  The motion is fully briefed.  See Akhavan Ltr. in Opp.,

ECF No. 140; Weigand Joinder to Akhavan Ltr. in Opp., ECF No. 143;

Gov't Reply Ltr., ECF No. 148.  For the following reasons, the

Government's motion is granted with regard to those exhibits for

which a custodian certification had been provided by the time the

Government filed its motion and is otherwise denied without

prejudice to being renewed once such certifications are provided.

                          LEGAL STANDARD

        Federal Rule of Evidence 803(6) provides that evidence is

"not excluded by the rule against hearsay" if it is

                                1

[a] record of an act, event, condition, opinion, or diagnosis [and] if:

> (A) the record was made at or near the time by — or from information transmitted by — someone with knowledge;
>
> (B) the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit;
>
> (C) making the record was a regular practice of that activity;
>
> (D) all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification; and
>
> (E) the opponent does not show that the source of information or the method or circumstances of preparation indicate a lack of trustworthiness.

Federal Rule of Evidence 902(11) provides that

> [t]he original or a copy of a domestic record that meets the requirements of Rule 803(6)(A)-(C), as shown by a certification of the custodian or another qualified person that complies with a federal statute or a rule prescribed by the Supreme Court [is self-authenticating]. Before the trial or hearing, the proponent must give an adverse party reasonable written notice of the intent to offer the record -- and must make the record and certification available for inspection -- so that the party has a fair opportunity to challenge them.

Introducing "testimonial" out-of-court hearsay violates the Confrontation Clause, except in limited circumstances absent here. See Crawford v. Washington, 541 U.S. 36 (2004). However, a business record properly admitted pursuant to Federal Rule of Evidence 803(6) "cannot be testimonial because a business record

is fundamentally inconsistent with what the Supreme Court has suggested comprise the defining characteristics of testimonial evidence," <u>United States v. Feliz</u>, 467 F.3d 227, 233-34 (2d Cir. 2006), <u>e.g.</u>, that the "primary purpose" of the evidence "is to establish or prove past events potentially relevant to later criminal prosecution," <u>Davis v. Washington</u>, 547 U.S. 813, 822 (2006). By the same token, courts across the country have held, and this Court agrees, that a custodian's certification pursuant to Federal Rule of Evidence 902(11) is not testimonial. <u>See, e.g.</u>, <u>United States v. Yeley-Davis</u>, 632 F.3d 673, 678 (10th Cir. 2011).

## ANALYSIS

The Government seeks to introduce five categories of purportedly self-authenticating documents under Rules 803(6) and 902(11), which it describes as follows:

(1)  [what the Government categorizes as "Bank Account Records"];

(2)  policies and rules of service maintained by banks and credit card companies, demonstrating that these entities prohibit customers and third-party business partners from utilizing their services and/or accounts for marijuana and other illegal transactions ("Policies and Rules");

(3)  data maintained by third party companies, primarily bank and credit card companies, regarding certain transactions processed by those entities ("Transaction Lists");

(4)  records from banks' compliance systems ("Compliance Records"); and

        (5) email and similar communications ("Email
        Records").

Gov't Ltr., ECF No. 135, at 4. Defendants principally argue that this motion is premature because the Government has not provided custodian certifications for many of these documents, as required by Rule 902(11). Defendants also argue that the Email Records and Transaction Lists are not self-authenticating. The Court considers these arguments in turn.

A. <u>Custodian Certifications</u>

The Government concedes that it has only provided some of the custodian certifications. <u>See</u> Gov't Ltr., Ex. A, ECF No. 135, at 8-9 (noting a dozen custodian certifications that are still "being obtained"). In fact, the defense claims that the Government has not even produced all the exhibits listed in the Government's letter, let alone the corresponding certifications. <u>See</u> Akhavan Ltr., ECF No. 140, at 1 n.1. The defendants argue, therefore, that the Government's request is premature. <u>See</u> Fed. R. Evid. 902(11) (proponent must "make the record and certification available for inspection -- so that the party has a fair opportunity to challenge them").

The Court agrees, to a point. Given how many times this trial has been rescheduled, the Court is disappointed to see that the Government has still not produced custodian certifications for many of these exhibits. However, the Court will grant the motion

for exhibits concerning which the Government has timely produced a custodian certification. Furthermore, the motion is denied with respect to those exhibits concerning which the Government has not produced a custodian certification without prejudice to being renewed once such a verification is produced.

   B. Email Records

   The Court begins with the Email Records. The Government's letter references Email Records from only one entity: Eaze, the online marijuana marketplace at the center of this case. The Government has not complied with its obligations under Rule 902(11) with respect to any Email Record. See Gov't Ltr. Ex. A, ECF No. 135, at 8-9. For that reason alone, the motion is denied without prejudice.

   However, assuming such a certification may yet be produced, the Court notes for future guidance that the Email Records are categorically distinct from the other documents identified in the motion and raise unique issues. Rule 803(6) only applies to a record when "making the record was a regular practice of that [regularly conducted business] activity." The mere fact that Eaze requires its employees to send and receive emails, in general, does not mean that every Eaze employee email is self-authenticating. Put differently, Rule 803(6) speaks not of the medium by which a record is recorded (e.g., email) but rather the content of the record itself. See, e.g., New World Trading Co. v.

5

2 Feet Prods., Inc., No. 11 CIV. 6219 SAS, 2014 WL 988475, at *1
(S.D.N.Y. Mar. 13, 2014) (emails not admissible under Rule 803(6)
because they "contain unique and sporadic communications, not
created as a record of any regularly conducted business activity")
(internal quotation marks omitted).   There is a Confrontation
Clause aspect to this inquiry, as well.   If the purpose of an Eaze
employee's email was "to establish or prove past events potentially
relevant to later criminal prosecution," Davis, 547 U.S. at 822,
then the defendants must be permitted to cross-examine the
declarant.   Without knowing more about the emails' contents, the
Court cannot determine whether they are self-authenticating.

For these reasons, the Government's motion is denied without
prejudice with regard to the Email Records.

C. Transaction Lists

Defendants argue that the Transaction Lists cannot be self-
authenticated because they appear to have been created in response
to Government inquiries, rather than in the ordinary course of
business.   However, when a database is created in the ordinary
course of business, a list extracted from that database can be
properly self-authenticated as a business record, even if the list
itself was prepared for trial.   Potamkin Cadillac Corp. v. B.R.I.
Coverage Corp., 38 F.3d 627, 632 (2d Cir. 1994) (alterations in
original omitted) ("A business record may include data stored
electronically . . . and later printed out for trial so long as

the original computer data compilation was prepared pursuant to a business duty in accordance with regular business practice."). The certification must explain, of course, how the requested information was extracted from the database. The defendants do not object to the sufficiency of the custodial certifications offered by the Government. Therefore, as to Transaction Lists for which the Government provided defendants a custodial certification prior to the Government's letter motion, the Court grants the motion and finds that the Transaction Lists are self-authenticating. As to the remaining Transaction Lists, the Court denies the motion without prejudice.

D. Bank Account Records, Policies & Rules, and Compliance Records

Defendants offer no specific reason to doubt the self-authenticability of the Bank Account Records, Policies & Rules, and Compliance Records identified by the Government. Indeed, they even concede that they "may be willing to enter into a foundational stipulation regarding certain of the enumerated financial records" and bank policies. Akhavan Ltr., ECF No. 140, at 3. Therefore, the Court finds, where a custodial certification was timely provided to the defendants, that these documents are self-authenticating; otherwise, the motion is denied without prejudice.

For the foregoing reasons, the Government's letter motion, ECF No. 135, is granted in part and denied in part without

prejudice.  The following exhibits are self-authenticating and will not be excluded at trial based on the hearsay rule:  GX 2301, 2302, 2303-2308, 2404, 2406, 2420, 2509, 2602-2610, 2702-2704, 2705-2716, 2717, 3002, 3003, 3103, 3301, 3402-3404, 3503, 3504, and 4301.  All other potential objections are, of course, reserved for trial.

    SO ORDERED.

Dated:    New York, NY
           February 14, 2021

                             United States District Judge