UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>-v.-<br><br>CARL ERIK RINSCH,<br><br>　　　　　Defendants. | 25 Cr. 85 (JSR) |

　　　The question at issue is whether statements made to retain proceeds of an alleged fraud may be considered to prove the underlying allegation of wire fraud. We believe that based on the common law definition of "scheme to defraud," they should not.

　　　Carl Erik Rinsch has been charged with Wire Fraud stemming from a dispute between Mr. Rinsch and Netflix about fulfilling the terms of a contract amendment. As spelled out in the allegations set forth in the indictment, the United States has charged him with "knowingly having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, …"

　　　It is well established that statutes employing common-law terms are presumed, "unless the statute otherwise dictates, ... to incorporate the established meaning of these terms." *Nationwide Mut. Ins. Co. v. Darden*, 503 U.S. 318, 322, 112 S.Ct. 1344, 117 L.Ed.2d 581 (1992) (internal quotation marks omitted). The Supreme Court has expressly applied this rule to the term "scheme to defraud," holding that the statute requires proof—as at common law—that the misrepresentations were material, notwithstanding the fact that a solely "natural reading of the full

text" would omit such an element. *Neder v. United States,* 527 U.S. 1, 21, 25, 119 S.Ct. 1827, 144 L.Ed.2d 35 (1999) (internal quotation marks omitted).

In Common Law, a contractual promise can only support a claim for fraud upon proof of fraudulent intent not to perform the promise at the time of contract execution. Absent such proof, a subsequent breach of that promise—even where willful and intentional—cannot in itself transform the promise into a fraud. Far from being an arcane limitation, the principle of contemporaneous intent is, like materiality, one without which "the common law could not have conceived of 'fraud.' "" *Neder,* 527 U.S. at 22, 119 S.Ct. 1827.

*Neder* presumes the common-law meaning is incorporated unless inconsistent, *see id.* at 25, 119 S.Ct. 1827. The contemporaneity principle does, in fact, promote those interests. Unlike fraud at common law, and as Your Honor has pointed out repeatedly, the federal statute requires neither reliance by nor injury to the alleged victim. *Compare, e.g., Small v. Lorillard Tobacco Co.,* 94 N.Y.2d 43, 57, 698 N.Y.S.2d 615, 720 N.E.2d 892 (1999) (injury); *Jones v. Title Guar. & Tr. Co.,* 277 N.Y. 415, 419, 14 N.E.2d 459 (1938) (reliance), *with Neder,* 527 U.S. at 24–25, 119 S.Ct. 1827. So, unlike the common law, the statutes punish "the *scheme,* not its success." *United States v. Helmsley,* 941 F.2d 71, 94 (2d Cir.1991). What gives a scheme its fraudulent nature is, as *Durland v. United States* explained, "the intent and purpose." 161 U.S. at 313, 16 S.Ct. 508. Thus, what matters in federal fraud cases is not reliance or injury but the scheme designed *to induce* reliance on a known misrepresentation. *See United States v. D'Amato,* 39 F.3d 1249, at 1256-57 (2d Cir.1994); *United States v. Regent Office Supply Co.,* 421 F.2d 1174, 1180–81 (2d Cir.1970).

In applying these principles to a fraud claim based on the breach of a contractual promise, we argue that the proper time for identifying fraudulent intent is contemporaneous with the making

of the promise, not when a victim relies on the promise, continues to rely on the promise, or is injured by it.

Thus, to prevail at trial, the Government would need to prove that the contractual representations at issue were executed with contemporaneous intent never to perform. If the Government is permitted to argue or the jury is permitted to consider what the Government would argue was a post-contractual intentional breach of the representations, that would be contrary to the common-law meaning of contemporaneous intent.

The proper reading of the common law definition of "scheme to defraud" would limit what the jury should consider, which would be the promise, made at the time of execution, to do the things spelled out in the Amendment. Thus, to the extent its fraud claim is based on representations made after the proceeds had been disbursed, the Government would fail for lack of proof that, at the time of contract execution, Mr. Rinsch had no intention to ever honor these representations.

For all of these reasons, we believe and common law supports the argument that statements made to retain proceeds of an alleged fraud may not be considered to prove the underlying allegation of wire fraud.

Dated: New York, New York
December 8, 2025

Respectfully submitted,

Benjamin Zeman
Daniel McGuinness
*Attorneys for Carl Erik Rinsch*

Attn: Timothy Capozzi, Esq.
David Markewitz, Esq.
Adam Sowlati, Esq.
Assistant United States Attorneys