Ct. Ex. 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| |
|---|
| UNITED STATES OF AMERICA<br><br>-v-<br><br>CARL ERIK RINSCH,<br><br>Defendant. |

25-cr-85 (JSR)

## THE COURT'S INSTRUCTIONS OF LAW TO THE JURY

1

## I.  GENERAL INSTRUCTIONS

1.      Duty of the Court

2.      Duty of the Jury

3.      Duty of Impartiality

4.      Presumption of Innocence and Burden of Proof

5.      Reasonable Doubt

6.      Direct and Circumstantial Evidence

7.      Witness Credibility

## II.  THE CHARGES

8.      Count 1: Wire Fraud

9.      Count 2: Money Laundering

10.     Counts 3 through 7: Engaging in Unlawful Monetary Transactions

11.     Venue

## III. CONCLUDING INSTRUCTIONS

12.     Selection of Foreperson; Right to See Exhibits and Hear Testimony; Communications with the Court

13.     Verdict; Need for Unanimity; Duty to Consult

2

## I.    GENERAL INSTRUCTIONS

### INSTRUCTION NO. 1

### Duty of the Court

We are now approaching the most important part of this case, your deliberations. You have heard all the evidence in the case, as well as the final arguments of the lawyers for the parties. Before you retire to deliberate, it is my duty to instruct you as to the law that will govern your deliberations. These are the final and binding instructions. It is your duty to accept my instructions of law and apply them to the facts as you determine them.

Regardless of any opinion that you may have as to what the law may be or ought to be, it is your sworn duty to follow the law as I give it to you. Also, if any attorney or other person has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.

Because my instructions cover many points, I have provided each of you with a copy of them, not only so that you can follow them as I read them to you now, but also so that you can have them with you for reference throughout your deliberations. In listening to them now and reviewing them later, you should not single out any particular instruction as alone stating the law, but you should instead consider my instructions as a whole.

3

## INSTRUCTION NO. 2

### Duty of the Jury

Your duty is to decide the fact issues in the case and arrive, if you can, at a verdict. You, the members of the jury, are the sole and exclusive judges of the facts. You pass upon the weight of the evidence; you determine the credibility of the witnesses; you resolve such conflicts as there may be in the testimony; and you draw whatever reasonable inferences you decide to draw from the facts as you determine them.

In determining the facts, you must rely upon your own recollection of the evidence. To aid your recollection, we will send you at the start of your deliberations access to all of the exhibits, as well as an index to help you find what you want. Also, if you need to review particular portions of testimony, we can arrange to provide them to you in transcript or read-back form.

Please remember that none of what the lawyers have said in their opening statements, in their closing arguments, in their objections, or in their questions, is evidence. Nor is anything I may have said evidence. The evidence before you consists of just three things: the testimony given by witnesses that was received in evidence, the exhibits that were received in evidence, and the stipulations of the parties that were received in evidence.

Testimony consists of the answers that were given by the witnesses to the questions that were permitted. Please remember that questions, although they may provide the context for answers, are not themselves evidence; only answers are evidence, and you should therefore disregard any question to which I sustained an objection. Also, you may not consider any answer that I directed you to disregard or that I directed be stricken from the record. Likewise, you may not consider anything you heard about the contents of any exhibit that was not received in evidence.

4

Furthermore, you should be careful not to speculate about matters not in evidence. For example, there is no legal requirement that the Government prove its case through a particular witness or by use of a particular law enforcement technique. Nor should you speculate about why one or another person whose name you may have heard in the evidence is not part of this trial or what his or her situation may be. Your focus should be entirely on assessing the evidence that was presented here for your consideration.

It is the duty of the attorney for each side of a case to object when the other side offers testimony or other evidence that the attorney believes is not properly admissible. Counsel also have the right and duty to ask the Court to make rulings of law and to request conferences at the side bar out of the hearing of the jury. All such questions of law must be decided by me. You should not show any prejudice against any attorney or party because the attorney objected to the admissibility of evidence, asked for a conference at the side bar out of the hearing of the jury, or asked me for a ruling on the law.

I also ask you to draw no inference from my rulings or from the fact that on occasion I asked questions of certain witnesses. My rulings were no more than applications of the law and my questions were only intended for clarification or to expedite matters. You are expressly to understand that I have no opinion as to the verdict you should render in this case.

INSTRUCTION NO. 3

Duty of Impartiality

You are to perform your duty of finding the facts without bias or prejudice as to any party. You are to perform your final duty in an attitude of complete fairness and impartiality. You are not to be swayed by rhetoric or emotional appeals.

The fact that the prosecution is brought in the name of the United States of America entitles the Government to no greater consideration than that accorded any other party. By the same token, it is entitled to no less consideration. All parties, whether the Government or individuals, stand as equals at the bar of justice.

Please also be aware that the question of possible punishment is the province of the judge, not the jury, and it should therefore not enter into or influence your deliberations in any way. Your duty is to weigh the evidence and not be affected by extraneous considerations.

It must be clear to you that if you were to let bias, or prejudice, or sympathy, or any other irrelevant consideration interfere with your thinking, there would be a risk that you would not arrive at a true and just verdict. So, do not be guided by anything except clear thinking and calm analysis of the evidence.

INSTRUCTION NO. 4

Presumption of Innocence and Burden of Proof

The defendant here, Carl Erik Rinsch, is charged with seven federal crimes, about which I will instruct you shortly.  Please bear in mind, however, that these seven charges, or "counts," as they are called, are not themselves evidence of anything.

The defendant has pleaded not guilty. To prevail against the defendant on a given charge, the Government must prove each essential element of the charge beyond a reasonable doubt. If the Government succeeds in meeting this burden, your verdict should be guilty on that charge; if it fails, your verdict must be not-guilty on that charge. This burden never shifts to the defendant, for the simple reason that the law presumes a defendant to be innocent and never imposes upon a defendant in a criminal case the burden or duty of calling any witness or producing any evidence.

In other words, the defendant starts with a clean slate and is presumed innocent until such time, if ever, that you as a jury are satisfied that the Government has proved that he is guilty beyond a reasonable doubt.

7

INSTRUCTION NO. 5

Reasonable Doubt

Since, to convict the defendant of a given charge, the Government is required to prove that charge beyond a reasonable doubt, the question then is: What is a reasonable doubt? The words almost define themselves. It is a doubt based upon reason. It is doubt that a reasonable person has after carefully weighing all of the evidence. It is a doubt that would cause a reasonable person to hesitate to act in a matter of importance in his or her personal life. Proof beyond a reasonable doubt must therefore be proof of a convincing character that a reasonable person would not hesitate to rely on in making an important decision.

A reasonable doubt is not caprice or whim. It is not speculation or suspicion. It is not an excuse to avoid the performance of an unpleasant duty. The law does not require that the Government prove guilt beyond all possible or imaginable doubt: proof beyond a reasonable doubt is sufficient to convict.

If, after fair and impartial consideration of the evidence, you have a reasonable doubt as to the defendant's guilt with respect to a particular charge against him, you must find the defendant not guilty of that charge. On the other hand, if, after fair and impartial consideration of all the evidence, you are satisfied beyond a reasonable doubt of the defendant's guilt with respect to a particular charge against him, you should not hesitate to find the defendant guilty of that charge.

8

## INSTRUCTION NO. 6

### Direct and Circumstantial Evidence

In deciding whether the Government has met its burden of proof, you may consider both direct evidence and circumstantial evidence.

Direct evidence is evidence that proves a fact directly. For example, where a witness testifies to what he or she saw, heard, or observed, that is called direct evidence.

Circumstantial evidence is evidence that tends to prove a fact by proof of other facts. To give a simple example, suppose that when you came into the courthouse today, the sun was shining and it was a nice day, but the courtroom blinds were drawn and you could not look outside. Later, as you were sitting here, someone walked in with a dripping wet umbrella, and, soon after, somebody else walked in with a dripping wet raincoat. Now, on our assumed facts, you cannot look outside of the courtroom and you cannot see whether it is raining. So, you have no direct evidence of that fact. But on the combination of the facts about the umbrella and the raincoat, it would be reasonable for you to infer that it had begun raining.

That is all there is to circumstantial evidence. Using your reason and experience, you infer from established facts the existence or the nonexistence of some other fact. Please note, however, that it is not a matter of speculation or guess: it is a matter of logical inference.

The law makes no distinction between direct and circumstantial evidence. Circumstantial evidence is of no less value than direct evidence, and you may consider either or both, and may give them such weight as you conclude is warranted.

INSTRUCTION NO. 7

Witness Credibility

It must be clear to you by now that counsel for the Government and counsel for the defendant are asking you to draw very different conclusions about various factual issues in the case. Deciding these issues will involve making judgments about the testimony of the witnesses you have listened to and observed. In making these judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence that may help you to decide the truth and the importance of each witness's testimony.

Your decision to believe or to not believe a witness may depend on how that witness impressed you. How did the witness appear? Was the witness candid, frank, and forthright, or did the witness seem to be evasive or suspect in some way? How did the way the witness testified on direct examination compare with how the witness testified on cross-examination? Was the witness consistent or contradictory? Did the witness appear to know what he or she was talking about? Did the witness strike you as someone who was trying to report his or her knowledge accurately? These are examples of the kinds of common-sense questions you should ask yourselves in deciding whether a witness is or is not truthful.

How much you choose to believe a witness may also be influenced by the witness's bias. Does the witness have a relationship with the Government or the defendant that may affect how he or she testified? Does the witness have some incentive, loyalty, or motive that might cause him or her to shade the truth? Does the witness have some bias, prejudice, or hostility that may cause the witness to give you something other than a completely accurate account of the facts he or she testified to?

10

You should also consider whether a witness had an opportunity to observe the facts he or she testified about and whether the witness's recollection of the facts stands up in light of the other evidence in the case.

In other words, what you must try to do in deciding credibility is to size up a person just as you would in any important matter where you are trying to decide if a person is truthful, straightforward, and accurate in his or her recollection.

Finally, as you know, the defendant, Carl Erik Rinsch, chose to testify in this trial. You should scrutinize his testimony in the same way you would any witness, in accordance with the instructions given above.

## II.    THE CHARGES

### INSTRUCTION NO. 8

### Count 1: Wire Fraud

With these preliminary instructions in mind, let us turn to the specific charges against the defendant, Carl Erik Rinsch. There are seven charges in all, but the most important charge is Count One, the charge of wire fraud, because you only reach the other counts if you find the defendant guilty of Count One.

Federal law makes it a crime to use interstate or international communications (such as interstate telephone calls, text messages, or emails) in furtherance of a fraudulent scheme. This is called the crime of wire fraud. Before a defendant can be convicted of wire fraud, the Government must prove the following three elements beyond a reasonable doubt:

First, that the defendant devised a scheme to defraud a victim of money or property by means of false statements, pretenses, or promises;

Second, that the defendant did so knowingly and with the specific intent to defraud the victim; and

Third, that in carrying out the scheme, there occurred at least one use of interstate or international wire communication.

Let me elaborate on each of these three elements as they relate to this case:

As to the first element, the Government must show that Mr. Rinsch devised a plan or design to obtain money from Netflix by means of false statements or promises. Furthermore, the misrepresentations must relate to one or more material facts, that is, information that Netflix would reasonably consider important in deciding to turn over money to Mr. Rinsch. Specifically, the claim here is that Mr. Rinsch induced Netflix to provide him with an additional $11 million dollars

12

by representing that he would use it to further the *White Horse* project when he actually intended to use it in part or whole for his own personal benefit.

As to the second element, the Government must show that Mr. Rinsch carried out this scheme not only knowing that some or all of his material statements or promises to Netflix were false but also specifically intending that these misrepresentations would lead Netflix to give him some or all of the $11 million.

The defense contends that Mr. Rinsch honestly believed in good faith that he was already owed the $11 million and, more generally, that he did not intentionally mislead Netflix in any material respect given how he understood his agreement with Netflix. In this regard, let me advise you that a defendant's good faith is a complete defense to a charge of wire fraud. If at the time Mr. Rinsch made statements that you find induced Netflix to transfer the $11 million to his account, Mr. Rinsch genuinely believed that his statements were truthful, that would be a complete defense to the charge of wire fraud. On the other hand, even a genuine belief by Mr. Rinsch that he was legally entitled to the $11 million or that his agreement with Netflix was different from what they understood it to be is no defense if you find that he purposefully made false statements to obtain the $11 million.

While you can consider Mr. Rinsch's claim of good faith, keep in mind that a defendant is under no burden to prove his good faith. Rather, it remains the Government's burden to prove that when Mr. Rinsch made the statements that led Netflix to transfer the $11 million to his account, he was not acting in good faith but, rather, was intentionally seeking to cheat Netflix.

However, while the Government must prove that the defendant acted with fraudulent intent, it does not have to show that the fraudulent scheme succeeded. Also, it is entirely irrelevant

Case 1:25-cr-00085-JSR    Document 54    Filed 12/12/25    Page 14 of 21

whether Netflix could have discovered the fraud earlier or was otherwise negligent in failing to discover the fraudulent scheme in any respect.

As to the third element, the Government only has to prove one use of interstate or international wire communication (such as a telephone call, a text message, or an email that crossed state lines) that occurred in furtherance of the fraudulent scheme. Also, it is not necessary that Mr. Rinsch himself send or receive the communication, or that the wire communication itself contain a fraudulent representation. All that is necessary is that the wire communication served in some way to further the scheme and that it passed between two states or between the United States and a foreign country.

14

## INSTRUCTION NO. 9

### Count 2: Money Laundering

If you find Mr. Rinsch not-guilty of the wire fraud set forth in Count One, you do not need to consider any of the other charges against him. But if you find Mr. Rinsch guilty of Count One, you must go on to consider, independently, each of the other six charges against him. The first such charge is Count Two, which charges the defendant with what is called money laundering, that is, trying to conceal the proceeds of the wire fraud by transferring them in specified ways.

In order for Mr. Rinsch to be guilty of money laundering as applied to this case, the Government must prove the following two elements beyond a reasonable doubt:

First, that Mr. Rinsch took some or all of what he knew to be the proceeds of his wire fraud scheme and caused them to be transferred to or from a bank or other financial institution that was itself involved in interstate or international commerce; and

Second, that the defendant knew that the transaction was designed in whole or in part to conceal or disguise the nature, location, source, ownership, or control of the wire fraud proceeds.

Let me briefly elaborate on each of these elements:

As to the first element, the Government must prove that the defendant initiated or participated in a financial transaction that he knew involved the transfer of some or all of the proceeds of his wire fraud scheme to or from a financial institution. While the financial institution must itself be involved in interstate or international commerce, the defendant does not himself have to know this.

As to the second element, the defendant, in initiating or participating in the aforesaid financial transaction, must have done so, at least in part, for the intended purpose of concealing or disguising the fact that the funds involved in the transaction were the proceeds of the wire fraud

15

scheme. The concealing or disguising can take the form of concealing or disguising the nature of the proceeds, or concealing or disguising that the defendant was the owner or source of the funds, or concealing or disguising that the defendant had effective control of the funds; but whatever form the concealing or disguising takes, the Government must prove that the intent of the defendant in initiating or participating in such financial transaction was, at least in part, to help conceal or disguise from some third party that the funds were the proceeds of his wire fraud.

INSTRUCTION NO. 10

Counts 3 through 7:
Monetary Transactions in Property Derived from a Specified Unlawful Activity

Counts Three through Seven charge the defendant with engaging in particular monetary transactions of more than $10,000 derived from his wire fraud scheme. Again, you do not reach any of these counts unless you have already found Mr. Rinsch guilty of wire fraud. But if you do, then you have to consider each of these counts. The specific transactions charged in each of these counts is set forth below; but overall, in order to satisfy its burden of proof with respect to each of these counts, the Government must establish beyond a reasonable doubt the following two elements:

First, that the defendant knowingly caused the transfer within the United States, to or from a financial institution engaged in interstate commerce (such as a bank or brokerage firm), of funds of more than $10,000 derived from the proceeds of his wire fraud scheme, as more particularly described in the given count you are considering; and

Second, that the defendant knew the transfer involved funds that he knew were derived, at least in part, from his wire fraud scheme. Note, however, that in contrast with Count Two, the defendant does not have to intend to disguise or conceal the fact that the funds were derived from his wire fraud.

The specific transactions charged in each count are as follows:

Count Three alleges that on or about March 30, 2020, in the United States, Mr. Rinsch transferred or caused to be transferred approximately $8,500,000 out of a bank, consisting of proceeds from the wire fraud charged in Count One, to an account held at another bank, in order to deposit those funds into his brokerage account.

17

Count Four alleges that on or about March 31, 2020, in the United States, Mr. Rinsch transferred or caused to be transferred approximately $168,349.57 out of his brokerage account, consisting of proceeds from the wire fraud charged in Count One, to purchase "put options" connected to shares of the SPDR S&P 500 ETF Trust.

Count Five alleges that on or about March 31, 2020, in the United States, Mr. Rinsch transferred or caused to be transferred approximately $341,412.72 out of his brokerage account, consisting of proceeds from the wire fraud charged in Count One, to purchase "put options" connected to shares of the SPDR S&P 500 ETF Trust.

Count Six alleges that on or about March 31, 2020, in the United States, Mr. Rinsch transferred or caused to be transferred approximately $26,385.15 out of his brokerage account, consisting of proceeds from the wire fraud charged in Count One, to purchase "call options" connected to shares of Gilead Sciences, Inc.

And finally, Count Seven alleges that on or about November 3, 2021, in the United States, Mr. Rinsch transferred approximately $150,000 out of a bank account, consisting of proceeds from the wire fraud charged in Count One, to purchase high-end furniture.

INSTRUCTION NO. 11

Venue

One last requirement. Before a defendant can be convicted of any of the seven counts, the Government must also establish as to the given count you are considering what is called "venue," that is, that some act in furtherance of that count occurred in the Southern District of New York. As relevant here, the Southern District of New York is the judicial district that includes (among other places) Manhattan, the Bronx, and Westchester. Venue is proven if any act in furtherance of the count you are considering occurred in any of these counties, regardless of whether it was the act of the defendant or anyone else.

Furthermore, on the issue of venue—and on this issue alone—the Government can meet its burden by a simple preponderance of the evidence, that is, by showing that it was more likely than not that an act in furtherance of a given charge occurred in the Southern District of New York.

19

## III.    CONCLUDING INSTRUCTIONS

### INSTRUCTION NO. 12

#### Selection of Foreperson; Right to See Exhibits and Hear Testimony; Communications with the Court

You will shortly retire to the jury room to begin your deliberations. As soon as you get to the jury room, please select one of your number as the foreperson, to preside over your deliberations and to serve as your spokesperson if you need to communicate with the Court.

You will be bringing with you into the jury room a copy of my instructions of law and a verdict form on which to record your verdict. In addition, we will send into the jury room access to the exhibits that were admitted into evidence, together with an index to help you find specific exhibits. If you want any of the testimony provided, that can also be done, in either transcript or read-back form. But please remember that it is not always easy to locate what you might want, so be as specific as you possibly can be in requesting portions of the testimony.

Any of your requests, in fact any communication with the Court, should be made to me in writing, signed by your foreperson, and given to the marshal, who will be available outside the jury room throughout your deliberations. After consulting with counsel, I will respond to any question or request you have as promptly as possible, either in writing or by having you return to the courtroom so that I can speak with you in person.

## INSTRUCTION NO. 13

### Verdict; Need for Unanimity; Duty to Consult

You should not, however, tell me or anyone else how the jury stands on any issue until you have reached your verdict and recorded it on your verdict form. As I have already explained, the Government, to prevail on a particular charge against the defendant, must prove each essential element of that charge beyond a reasonable doubt. If the Government carries this burden, you should find the defendant guilty of that charge. Otherwise, you must find the defendant not-guilty of that charge.

Each of you must decide the case for yourself, after considering, with your fellow jurors, the evidence in the case, and your verdict must be unanimous. In deliberating, bear in mind that while each juror is entitled to his or her opinion, you should exchange views with your fellow jurors. That is the very purpose of jury deliberation—to discuss and consider the evidence; to listen to the arguments of fellow jurors; to present your individual views; to consult with one another; and to reach a verdict based solely and wholly on the evidence. If, after carefully considering all the evidence and the arguments of your fellow jurors, you entertain a conscientious view that differs from the others', you are not to yield your view simply because you are outnumbered. On the other hand, you should not hesitate to change an earlier opinion of yours that, after discussion with your fellow jurors, now appears to you erroneous.

In short, your verdict must reflect your individual views and must also be unanimous.

This completes my instructions of law.

21